UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAMBU BAYOH,

                           Plaintiff,

       -against-

AFROPUNK FEST 2015, LLC, AFROPUNK
LLC, AFROPUNK GLOBAL INITIATIVE LLC,
and MATTHEW MORGAN, JOCELYN
COOPER, and JOHN DOE and JANE DOE 1-10
individually,

                        Defendants.

Case No. 1:18-cv-05820-KBF-KNF

**DEFENDANTS' EXPERT
DISCLOSURE**

Defendants, by and through their attorneys Lewis Brisbois Bisgaard & Smith LLP, and pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and this Court's Order, [Doc. No. 99], hereby make the following expert disclosure:

       Michael A. Einhorn, Ph.D.,
       Media, Technology, and Copyright
       3 E. Nob Hill Drive.,
       Roseland, NJ 07068

Defendants expect Mr. Einhorn to testify as a damages expert, and to provide expertise refuting Plaintiff's speculative allegations of damages. Mr. Einhorn will base his opinions on his education, training and experience. Mr. Einhorn has nearly thirty (30) years of progressive experience in valuation, finance, and economics. He has been qualified as a testifying expert on intellectual property and commercial damages and values in U.S. federal courts and by various state courts. He has provided expert opinions and testified numerous times on patent, copyright, trademark and trade secret values and damages, commercial damages, lost profits, reasonable royalties, diminution of value, lost goodwill and business and securities values. Mr. Einhorn's experience also includes technology and intellectual property evaluation, selection, licensing, and

transfer pricing, due diligence, business and fraud investigation, negotiation support, mergers, acquisitions, divestitures, joint-ventures, financing and re-capitalizations, economic research and analysis, corporate budgeting, investment analysis, and planning.

      **PLEASE TAKE FURTHER NOTICE** that Mr. Einhorn's work and investigation into this case are continuing, and Defendants reserve the right to supplement, amend, revise and/or expand this disclosure, and to have Mr. Einhorn supplement, amend, revise and/or expand his written report up until and including the time of trial in this matter if necessary. Defendants further reserve the right to supplement Mr. Einhorn's opinions, and the bases for those opinions, after receipt of new or supplemental discovery or any rebuttal report by Plaintiff (whom missed its initial or opening expert disclosure obligation).  A copy of Mr. Einhorn's written report, qualifications and Curriculum Vitae is attached as **<u>Exhibit A</u>**.  Defendants agree to make Mr. Einhorn available for deposition at a time and place that is mutually convenient for both parties per the Court's Order. [Doc. No. 99].

      This disclosure is not intended to limit the scope or substance of any expert called by Defendants at trial.  This disclosure should not be considered all encompassing, as expert testimony to be offered by Defendants shall depend, of necessity, upon the issues raised at trial by other experts and witnesses.

Dated:   New York, New York
        February 14, 2020.

               **LEWIS BRISBOIS BISGAARD & SMITH LLP**

            By:    /s/ Brian Pete
                 Brian Pete, Esq.
                 Jonathan Goins, Esq.
                 77 Water Street, Suite 2100
                 New York, New York 10005
                 212-232-1300
                 Brian.Pete@lewisbrisbois.com
                 Jonathan.Goins@lewisbrisbois.com

*Attorneys for Defendants*

To:     Robert L. Greene, Esq.
        LAW OFFICE OF ROBERT L. GREENER
        *Attorneys for Plaintiff*
        112 Madison Ave., 6th Fl.
        New York, New York 10118
        212-689-8920

## <u>CERTIFICATE OF SERVICE</u>

Brian Pete, an attorney duly admitted to practice before this Court, certifies that on February 14, 2020, he caused the within Defendants' Expert Disclosure to be served upon Plaintiff via email.


<u>        /s/ Brian Pete        </u>
Brian Pete

*Civil Action  2:18-cv-5820 DLC*                                    *Michael A. Einhorn, Ph.D.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

*Mambu Bayoh*

               Plaintiffs

Civil Action  2:18-cv-5820 DLC

*v.*

Judge: Denise L. Cote

*AfroPunk, LLC, et al.*

               Defendants.

## EXPERT REPORT
## OF MICHAEL A. EINHORN, Ph.D.,
## ON BEHALF OF DEFENDANTS

*Subject to change as more information becomes available*

## February 14, 2020

*Civil Action  2:18-cv-5820 DLC*                                    *Michael A. Einhorn, Ph.D.*

# 1.INTRODUCTION

1.1)     I have been asked by the law firm of Lewis Brisbois Bisgaard & Smith LLP, counsel for Defendants, to provide my expert valuation of any applicable actual damages claimed by Plaintiff, and what, if any, of Defendants' profits resulted from infringing displays of Plaintiff's owned photographic works that allegedly appeared at Afropunk's music festivals in Brooklyn, New York in August 2015 and August 2016, and purportedly London and Johannesburg in 2017.

1.2)    Plaintiff contends that the displayed photos were taken without proper authorization from photographic images that he had previously provided to Defendants via deposit into Defendants' Dropbox account.

1.3)    Plaintiff contends that use of postings in social media and  Dropbox were covered by the terms of an oral contract established beforehand. Uses beyond social media and Dropbox were not allowed.

1.4)     I have reviewed no contract document or exact verbal statement of the terms that Plaintiff claims would entitle him to any actual damages.

1.5)     I shall estimate appropriate remedies under the Copyright Act per 17 U.S.C. 503. remedies.  Broadly speaking, these damages may include actual damages suffered from a lost licensing opportunity, as well as any additional defendant profits.

1.6) I am an economist with expertise in valuation of damages related to infringement of intellectual property.  My testimony is consistent with the techniques of my profession, in which I earned a Ph.D. in economics.

*Civil Action  2:18-cv-5820 DLC*                                         *Michael A. Einhorn, Ph.D.*

1.7)  I am paid at hourly rate of $500 for report writing and for preparation for, travel to, and appearance at deposition and/or trial. My payment is not contingent upon the results of the litigated case.

1.8) I am not related to any of the parties, nor do I have any financial interest in the outcome of this matter.

## 2.  STATEMENT OF QUALIFICATIONS

2.1)  I have worked as a professional economist since I received a Ph.D. in Economics from Yale University in 1981.  Since graduation, I was employed at Bell Telephone Laboratories, Rutgers University, U.S. Department of Justice (Antitrust Division), and Broadcast Music Inc.

2.2)   I have worked since 2001 as a testifying expert in the area of media and intellectual property.  My curriculum vita is attached as Appendix A.   I testified as an expert at deposition and/or trial on the cases so identified in my professional resume.

2.3) I have served as a testifying economist in court cases involving the valuation of the intellectual property owned by commercial artists, software designers, writers, publishers, musicians, record labels, photographers, inventors, celebrities, actors, cartoonists, television producers, cable companies, and radio stations.

2.4)  I have written 38 professional articles in the area of intellectual property in law journals and periodicals.  I have delivered numerous professional lectures or CLE seminars related to these topics. I am also the author of the book *Media, Technology, and Copyright: Integrating Law and Economics* (Edward Elgar Publishers).

2.5)  I have never been disqualified from testifying in court or limited in any manner related to the applied standards, concepts, or techniques of the economics profession.

*Civil Action  2:18-cv-5820 DLC*                         *Michael A. Einhorn, Ph.D.*

2.6) I have written reports and/or testified in matters related to copyright law, and have published

professional articles in appropriate law periodicals.  These items appear in my attached resume.


## 3.  DOCUMENTS REVIEWED

I reviewed the following documents in connection with my work as an expert witness here:

*Plaintiff's Original Complaint*,

*Order & Opinion on Summary Judgment,* Southern District of New York, January 15, 2020

*Expert Report of Rob Wallace*


https://www.asmp.org/professional-development/licensing-guide/license-photography/


https://www.entrepreneur.com/article/302607


## 4.  SUMMARY OF CONCLUSIONS

4.1)     Plaintiff alleges that Defendant  infringed on his copyrights by using a number of his

photographers in promotion of, or display at  live music events in a number of cities

4.2)     Copyright plaintiffs may recover actual damages sand defendant profits in an

infringement matter.

4.3)     To recover damages, copyright Plaintiffs must first meet evidentiary burdens regarding

proof of causality, and terms of valuation.

4.4)     Neither Plaintiff nor his expert Rob Wallace can meet the evidentiary burden to prove the

terms of financial remediation for the works in question.

*Civil Action  2:18-cv-5820 DLC*                    *Michael A. Einhorn, Ph.D.*

## 5.  ACTUAL DAMAGES

5.1) I am advised as a matter of law (17 U.S.C. 503) that a copyright Plaintiff may recover from Defendants actual damages that would have been earned for use of the Plaintiff's works.

5.2) Actual damages can be measured by lost licensing royalties for the contested uses. Plaintiff bears the burden of proof to establish lost royalties for which defendants are jointly liable.

5.3)  The law also permits the Plaintiff to recover any additional defendant profits not previously accounted for in the above damage remedy.  Each defendant bears severable liability for their respective earnings.

5.4)  Plaintiff generally bears four burdens in proving this remedy claim.

5.5)  First, Plaintiff must establish a *causal connection* between the defendant's infringement and any sought valuation of actual damages.

5.6)  Second, plaintiff bears a similar burden to share a causal connection between infringement and Defendant profits that he would disgorge

5.7)  Third, Plaintiff must reliably prove actual damages based on presented evidence and testimony.

5.8) Fourth, Plaintiff must prove defendant revenues resulting from the infringing activity.  Once revenues are proven, Defendant bears the obligation to prove offsetting costs.

5.9)  I have read the Expert Report of Rob Wallace.  I believe that plaintiff generally fails to meet his burden regarding proof of causal connections, actual damages, and defendant revenues.

*Civil Action  2:18-cv-5820 DLC*                                        *Michael A. Einhorn, Ph.D.*

## 6. FACTS

6.1) Plaintiff Mambu Bayoh was hired by Afropunk, LLC in May, 2015 to photograph its upcoming Afropunk music festival in August, 2015 and to provide Afropunk with the photos for its use  I have not reviewed written terms of arrangement related to his scope of work. Defendant Afropunk, LLC is a limited liability company.

6.2) Mr. Bayoh had photographed previous Afropunk festivals for another publication. In anticipation of his work assignment at the festival in August, Mr. Bayoh was asked by Afropunk to post six previously photographed materials to its promotional website.

6.3) Mr. Bayoh first demanded compensation for the postings of his six photographic works. Nonetheless, Mr. Bayoh eventually granted, without payment, permission to Afropunk to use his six photographs on the festival website.

6.4) At some point prior to the August event, Mr. Bayoh apparently agreed to allow Afropunk to add the six website photos to Afropunk's  Instagram and Facebook pages as part of its social media campaign for the upcoming concert.

6.5) Mr. Bayoh further contends that his permissions for the six photos extended to no uses beyond the website and social media venues. This would include rights for visual display of the six works at the concert in August.

 6.6)  Afropunk then arranged for Mr. Bayoh to photograph at the upcoming festival schedule for August, 2015.  I am unaware of a written compensation arrangement, or the defined scope of

*Civil Action  2:18-cv-5820 DLC*                                    *Michael A. Einhorn, Ph.D.*

work, for this engagement. Afropunk yet contends that it sent Mr. Bayoh a release agreement for the photographs that he was to take.

6.7) Afropunk claims to have granted to the photographer a payment for his work, a pass to shoot freely at the concert, and a full copyright in all photographs taken. In exchange, Afropunk contends that it only asked for a non-exclusive usage license for the photographs with no additional royalty due.  .

6.8).  The arrangement is consistent with Afropunk's previous contracts with other photographers.   As a promoter of music festivals, Afropunk has hired as many at forty photographers to shoot at its events. . Afropunk pays to each photographer a fixed fee for professional services and allows the photographer ownership of the full copyright in his/her works; photographers may then profitably transact their photos in later markets.  As with Mr. Bayoh, the only stipulation from Afropunk is that it retains permission to use without royalty photographs of the events for future marketing, promotion, and display.

6.9) Consistent with Afropunk's general practice, Mr. Bayoh in August, 2015 received from Afropunk a photographer's badge and came to photograph the Afropunk festival in Brooklyn, New York.  He was paid shortly afterward a sum of $1,200 for his professional services as a photographer. .

6.10) After receiving payment in August, 2015, Mr. Bayoh here seems to have raised no verbal or written protest to the payment amount. Approximately one month after the concert, Mr. Bayoh uploaded no less than eighty seven concert photos to a Dropbox folder controlled by Afropunk.

*Civil Action  2:18-cv-5820 DLC*                                  *Michael A. Einhorn, Ph.D.*

Plaintiff contends that Afropunk came to use some number of the photos in concerts in 2016-2018 in Brooklyn, London, and Johannesburg.

6.11)  While plaintiff purports some earlier uncertainty about his acceptance of the contract, I am advised that his eventual acceptance of payment and uploading of photos without further protest indicate in the end that he accepted an *implied licensing* arrangement with Afropunk that would cover Afropunk's later uses of his work from material on Drobox. Mr. Bayoh did not exercise due diligence in avoiding this implication

6.12) Per agreement, Mr. Bayoh was fully compensated by the undisputed payment of $1,200. He is not entitled to additional payment for subsequent display rights of his works, as Afropunk would have obtained such rights in exchange for the amount paid.

6.13)  Afropunk's arrangements with its photographers are beneficial to the photographer and are economically efficient.  Afropunk pays each photographer for professional services and permits the artist to leave the event with an uncontested portfolio of works that it may monetize freely without restraint from Afropunk.

6.14)  In exchange for its payment and allowance to work on its concert grounds,  Afropunk insists only on an agreed license *for use of the photographer's concert shots in its own promotions;* Afropunk need not pay any additional amount for the photos that it comes to use.

6.15) In so doing, Afropunk avoids the considerable transaction costs that would otherwise be necessary to license such rights for its later promotions.  Such a licensing outcome would be economically inefficient due to the transaction costs that it would impose upon all parties.

*Civil Action  2:18-cv-5820 DLC*                                      *Michael A. Einhorn, Ph.D.*

6.16)  I am advised that Mr. Bayoh may yet claim due licensing revenue for the six original website photographs that were displayed without proper authorization.

6.17) Displays of the six photos may include entry posters, staff t-shirts, the concert app, and printed promotion brochures distributed to all ticketed attendees. Displays were located at the entrance and interior of the event space and contributed in some manner to a pictorial presentation of African-American culture.

6.18) I shall turn to this valuation of the six works below.

## 7.  PLAINTIFF'S PROOF OF DAMAGES

7.1) Mr. Bayoh does not meet the burden of proof specified in Section 5 of this report regarding causal connection and damage amounts.

7.2) In this regard, Mr. Bayoh provides no means of monetizing his unpaid damages from the uses of any of his six photos. He does not establish how many times each photo was used, where it was used, nor appropriate licensing fees that should have been paid for displays of the work.

7.3) Mr. Bayoh also does not establish any amount of revenues that Defendants earned from any of the infringing activities listed above, nor a causal connection between the infringement and resulting dollar of profit.

7.4) As a matter of law, it is not proper to post the Defendants' full festival earnings earned from ticket sales unless Mr. Bayoh can prove – not hypothecate --  that concert attendance was caused by the infringing displays. As a practical matter, it is highly unlikely that any attendee paid for a ticket at a live music concert in order to view the photographs displayed at the concert.  Rather,

*Civil Action  2:18-cv-5820 DLC*                                      *Michael A. Einhorn, Ph.D.*

concert attendees presumptively chose to buy tickets for the musical event in order to spend some time enjoying the music. s

7.5) Plaintiff also does not monetize due remedies for individual takings related to his photos used on poster, t-shirts, apps, and promotion brochures distributed to audiences at the event.

## 8.  EXPERT REPORT OF ROB WALLACE

8.1)  Plaintiffs submit to the court the Expert Report of Rob Wallace.

8.2)  Mr. Wallace's report presents some kinds of survey results that are presumably related to this matter.  Mr. Wallace does not explain why this survey is useful to determining any valuation for the putative infringements.

8.3)  Mr. Wallace does not appear to have reviewed the terms of any licensing agreements involving both or either of the parties in coming to his conclusion.

8.4) Mr. Wallace does not stipulate exactly which of the infringing photographs appeared at the concert, how each infringing photograph was used at the event, or any means for valuing its due compensation.

8.5) At the moment, I am unaware of any written document involving either or both parties that would define the terms for payment that Mr. Wallace should have attempted to monetize. I reserve the right to amend this report if additional material becomes available.

## 9.  VALUATION OF ACTUAL DAMAGES FROM INFRINGING DISPLAYS

9.1)  With proper inference, Mr. Bayoh might have valued a claim for rights of his photographs displayed at the Afropunk events.

9.2)  Mr. Bayoh would be called upon to present a full detailed itemization for each of these photographic displays, and a putative licensing fee that he would anticipate.

9.3) The American Society of Media Photographers defines licensing as "A legal agreement granting permission to exercise a specified right or rights to a work, often encompassed in an invoice, or the act of granting same."  I have seen no invoice that Mr. Bayoh actually sent Defendants.

9.4)   However constructed, the licensing fee should be based on payment for a hypothetical licensed transaction involving a willing buyer and a willing seller at an arms-length negotiation. This could be derived from third party transactions involving similar uses.

9.5)  The six photos first provided are termed Stock *Photographs* because they existed before Mr. Bayoh made them available to Afropunk for its social media pages.  Mr. Bayoh could then have determined his valuation based on comparable Photographs created and licensing by other photographers of his professional stature.  He would rightfully have retained the services of a licensing expert in photography.

9.6)  Later works actually photographed at the concert are Assignment Photographs that are contracted beforehand for work to be performed.   Assignment work may have different terms of engagement than preexisting Stock Photographs.

*Civil Action  2:18-cv-5820 DLC*                    *Michael A. Einhorn, Ph.D.*

9.7)   A number of factors would be part of a presumed part of a contract for uses of existing photographs

*Number of Uses: fees are higher for more uses*

*Number of Copies: fees are higher for more copies*

*Size of Viewership: fees are higher for bigger audiences*

*Use on Merchandise: fees are higher for uses on merchandise*

*Redistribution Rights for Licensee: fees are higher when licensee can redistribute*

*Indemnification of User: fees are higher if photographer agrees to indemnify licensee for third party claims.*

*Exclusive vs. Non-Exclusive:  exclusive rights are more expensive*

*Commercial or Non-commercial use: fees are higher if user is earning income.*

*Uniqueness:  fees are higher for rare scenes*

*Reputation of photographer: fees are higher for distinguished professionals.*

*Civil Action 2:18-cv-5820 DLC*                           *Michael A. Einhorn, Ph.D.*

9.8) Mr. Bayoh must also distinguish amounts earned in merchandising, where photos may be monetized per item sold. This is contrasted with displays related to "look and feel" that may appear for general "look and feel" view inside the event grounds.

## 10.    CONCLUSION

The above conclusions constitute my personal independent assessment.    These conclusions will form the basis of my testimony should I be called at trial.

Amounts are subject to change as more information becomes available.


                                    _____ /s/ Michael Einhorn \_\_
                                         Michael A. Einhorn, Ph.D
                                         February 14, 2020

*Civil Action  2:18-cv-5820 DLC*                    *Michael A. Einhorn, Ph.D.*

**Appendix A**

Professional Resume of Michael A. Einhorn

**MEDIA, TECHNOLOGY, COPYRIGHT**



## PROFESSIONAL RESUME

### MICHAEL A. EINHORN
### http://www.mediatechcopy.com

.

**Michael A. Einhorn**  is an economic consultant and expert witness in the areas of intellectual property, media, entertainment, technology, trademarks, publicity rights, and product design.  He received a B.A. from Dartmouth College,  a Ph. D.  in economics from Yale University, and is the author of **Media, Technology, and Copyright: Integrating Law and Economics** (Edward Elgar Publishers, 2004).  He is also a former professor of economics at Rutgers University  and the author of seventy professional and academic articles related to intellectual property and economic analysis.

Dr. Einhorn has provided valuation services in the following areas as a consultant or expert witness:

**Music**: *Recording artists* (Katy Perry, Led Zeppelin, U2, Madonna, 50 Cent, Usher, Rascal Flatts, LMFAO, Rick Ross, D4L, Aimee Mann, Nappy Roots,  Justin Moore, Xzibit, Nelly Furtado, George Clinton, Notorious B.I.G., D.L. Byron), *record labels* (Sony Music, Universal Music Group, Disney Music, Atlantic Records, Rhino Entertainment)*,  producers* (P. Diddy, Timbaland, Dr. Dre), *publishers* (Major Bob Publishing, Universal Music Publishing, Bridgeport Music, Hamstein Music, Chrysalis Music, Kobalt Music), *performing rights organizations* (SESAC), *radio stations* (WPNT in Pittsburgh), *live venues* (World Wrestling Entertainment), and *estates*  (Bill Graham Archives)

**Movies and Television**  *Movies* (Paramount/DreamWorks, Bold Films), *cable programs* (NBCUniversal), *musicals* (Zorro Productions) *product placement* (Paxson Productions), *treatments* (Burnett Productions), *soundtrack* (Warner Bros. Entertainment), *TV programs* Televicentro of Puerto Rico), *satellite programming* (Golden Channels Company of Israel), DVD *videos* (Steve Harvey), commercials (Gray Television Group), and *cable operations* (AT&T).

**Trademarks, Trade Secrets, and False Advertising:** *Trademarks* (Samsung Electronics, Dish Network,  Madonna/Material Girl,   Jakks Pacific, Kische USA, Oprah Winfrey/Harpo Productions, Avon Cosmetics, *The New York Observer,* the Kardashians/BOLDFACE Licensing + Branding, Wazu Holdings),   *trade secrets* (The Weather Channel,  Hasbro), and *advertising*  (J. Walter Thompson/Banco Popular, Kia Motors, Coca Cola, General Automobile Insurance Company).

•
  At  mae@mediatechcopy.com,  http://www.mediatechcopy.com.  **The author is an economic consultant and expert witness in the areas of intellectual property, media**, entertainment, and product design. He is the author of *Media, Technology, and Copyright: Integrating Law and Economics* (2004) and over seventy related professional articles in intellectual property and economic analysis. He has been involved in music litigation involving Katy Perry, Led Zeppelin, U2, Usher, P. Diddy, Notorious B.I.G., Nappy Roots, Aimee Mann,  Rick Ross,  D. L. Byron, Justin Moore, George Clinton, Randy Newman, Rascal Flatts, Madonna, Timbaland, Universal Music Group, Warner Music Group, Disney Records, Bridgeport Music, and Chrysalis Music Publishing.

**Design, Apparel, and Photography :** *Apparel* (Target Stores, Carol Anderson, .Forever 21, Crew Knitwear, Joyce Leslie, Anthropologie), *architecture* (Sprint PCS, Home Design LLC, Murray Engineering, Turnkey Associates), *medical illustrations* (Pearson Education Services), *photography* (Harris Publications, Neil Zlozower, Dana Ruth Lixenberg), *sculpture* (Marco Domo), *cartoons* (A.V. Phibes, Melissa Flock), *toys* (Jakks Pacific), and *commercial marketing* (Kaufman Global).

**Publicity Rights and Estate Valuations:** *Names and likenesses* (Reese Witherspoon, Steve Harvey, Woody Allen, Rosa Parks, Arnold Schwarzenegger, Sandra Bullock, Cameron Diaz, Diane Keaton, Zooey Deschanel, Yogi Berra), *estate valuations* (Tasha Tudor, Marlon Brando, Bernard Lewis).

**Cyberspace:** *Music services* (Apple iTunes, Napster, MP3.com), *proprietary software* (Centrifugal Force, Frogsware), *open source software* (Jacobsen v. Katzer), *electronic publishing* (Pearson), *video games* (Activision), search *engines* (eUniverse), and *domain names* (eCommerce).

**Patents and Technology:** *Semiconductors* (General Electric v. Kodak, Great Lakes v. Sakar, *cellular* (Cellebrite v. Micro Systemation), *software* (Jacobsen v. Katzer, Centrifugal Force v. Softnet), *medical technology* (Lemper v. Legacy, Graston v. Graham), *clutch components* (Nouis Technologies v. Polaris Industries*)*, *pet topicals (*Nite Glow Industries Inc. v. Central Garden & Pet Company*)* and *general patents* (DeCordova v. MCG).

**Antitrust and Commercial Losses**: *Antitrust, breach of contract,* and *commercial injury* in actions (Los Angeles Rams, AT&T, American Home Realty Network, California Scents, Safmor, Inc., Golden Channels Company of Israel, St. Joseph's Regional Hospital (College Station, Texas)).

**REPRESENTATIVE CLIENTS**

New York State Attorney General; New York

Fish & Richardson; Boston

Arnold & Porter; Washington

Baker & Hostetler; Cleveland

Palmer & Dodge; Boston

Hunton & Williams; Washington

Blecher & Collins; Los Angeles

Stokes Bartholomew Evans & Petree; Nashville

King & Ballow; Nashville

Frankfurt Kurnit Klein & Selz; New York

Lavely & Singer; Los Angeles

Davis and Gilbert; New York

Cowan DeBaets Abrahams & Sheppard; New York

Taft Stettinius & Hollister; Indianapolis

Sheppard Mullin Hampton & Richter; Los Angeles

Seyfarth Shaw; Los Angeles

Connolly Bove Lodge & Hutz; Wilmington

Blackwell Sanders Peper Martin; St. Louis

Lipsitz Green Faringer Roll Salisbury & Cambria; Buffalo

*Gray et al. v. Katy Perry et al.  Central District of California,* 2019, report and deposition, valuation of damages resulting from copyright infringement in **Katy Perry's song** *Dark Horse*.

*D'Pergo Custom Guitars v. Sweetwater Sounds, Inc.,* District of New Hampshire, 2019, report and deposition, valuation of damages resulting from copyright infringement of high-quality guitar images.

*Dan Marino v. Dante Barton and Will Guice,* Pennsylvania Court of Common Pleas, 2018, report and testimony, valuation of damages resulting from breach of contract among three songwriters claiming rights in **Usher's song** *Bad Girl.*

*Robert W. Cabell v. Zorro Productions, Inc., et a*l., Northern District of California,  report, estimated commercial damages resulting from infringement of copyright in a **musical adaptation of movie Zorro**.

*Gray Television Group, Inc. v. Found Footage Festival, LLC, et al.,*  Eastern District of New York, report, estimated commercial damages resulting **from infringement of television programming**

*Richard Dutcher v. Bold Films LLP*, et al., Central District of Utah, 2017, report, estimated commercial damages resulting from copyright infringement of leading screenwriter in the movie *Nightcrawlers*.

*RCN Capital, LLC, et al. v. The Los Angeles Rams, LLC, et al.,* Eastern District of Missouri, 2017, report and deposition, breach of contract regarding use of rights to **sell tickets in secondary markets**.

*Michael Skidmore v. Led Zeppelin, et al.,* Central District of California, 2016, trial testimony, estimated damages in infringement matter against rock group Led Zeppelin regarding **classic song** *Stairway to Heaven.*

*Joseph Cooper v. Broderick Steven "Steve" Harvey,* Northern District of Texas, 2016, report and deposition, breach of contract matter regarding recorded films **of comedian/actor Steve Harvey.**

*Sidney Earl Swanson v. MJJ Productions,* Central District of California, 2015, report, copyright infringement matter regarding a musical composition used in a **sound recording** *Chicago* **by Michael Jackson.**

*Original Appalachian Artworks, Inc. v. Jakks Pacific, Inc.,* International Institute for Conflict Prevention and Resolution,  2015, report and deposition,  matter involving lost sales related to breach of contract for **copyright owners of Cabbage Patch Kids.**

*Alexander Graham-Sult and David Graham v. Bill Graham Archives, LLC, et al.,* Northern District of California, 2015, report and deposition, valuation of copyrights and business concern resulting from fiduciary breach of the estate of **rock concert producer Bill Graham**.

*William L. Roberts (p/k/a Rick Ross), et al. v. Stefan Kendal Gordy,* Southern District of Florida, 2015, report, valuation of defendant enrichment resulting from infringement of a musical composition in a **multi-platinum release  (***Party Rock Anthem***) and a Kia automobile commercial.**

*William L. Roberts (p/k/a Rick Ross), et al. v. Stefan Kendal Gordy,* Southern District of Florida, 2015, report, valuation of defendant enrichment resulting from infringement of a musical composition in a **multi-platinum release  (***Party Rock Anthem***) and a Kia automobile commercial.**

*Cartagena Enterprises, Inc. v. J. Walter Thompson Co*., et al., American Arbitration Association, 2015, report, valuation of damages resulting from infringement of prominent salsa dance composition in an advertising message **by leading advertising agency and the largest bank in Puerto Rico.**

*Digital Satellite Connection v. Dish Network Corporation*, et al., District of Colorado, 2014, report and deposition, valuation of damages resulting from **trademark infringement by national satellite provider.**

*Ron Satija and Heather Lynette Mowder v. General Automobile Insurance Company*, District Court of Northern Ohio, 2014, report, valuation of damages resulting from infringement of **cartoon character *The General* in national advertising campaign.**

*Daniel Moser v. Raymond Ayala (p/k/a Daddy Yankee), et al.,* District Court of Puerto Rico, 2014, report, valuation of damages resulting from infringing reproduction and performance rights in **Daddy Yankee's multi-platinum song *Rompe.***

*Dan Marino v. Usher Raymond, et al.,* Eastern District of Pennsylvania, 2013, report, valuation of damages resulting from infringing reproduction and performance rights in **Usher's song *Bad Girl.***

*Preston Asevedo v. NBCUniversal Media, et al*., Eastern District of Louisiana, 2013, report, estimated damages for commercial artwork used on a **Syfy cable television program *Dream Machines.***

*Ryan Lessem and Douglas Johnson v. Universal Music Group,* Southern District of New York, 2013, report and deposition, valuation of damages involving copyright infringement in **50 Cent's song *How We Do***, recorded by rapper The Game.

*Montana Connection, et al. v. Justin Moore,* Middle District of Tennessee, 2013, report, estimated damages for infringement in **country hit song *Backwoods*** on Justin Moore's record album and concert performances.

*VMG Salsoul v. Madonna Louise Ciccone, et al*., Central District of California, 2013, report, valuation of damages resulting from copyright infringement in **Madonna's song *Vogue.***

*Interstar Holdings v. Truman Press*, Superior Court of California, 2011, report, matter involving valuation of commercial losses resulting from breach of contract involving **DVD movie *Dawn of the Living Dead*.**

*Lutfu Murat Uckardesler, et al. v. Azteca International Corporation*, et al., Central District of California, 2010, consultant, estimated damages resulting from infringement of treatment on internationally _popular **reality television show.**

*Kernel Records Oy v. Timbaland, et al.,* Southern District of Florida, 2010, report, estimated damages resulting from copyright infringement of sound recording on multi-platinum **Nelly Furtado song *Do It.***

*Anthony Lawrence Dash v. Floyd Mayweather, et al.,* District of South Carolina, 2011, report, valuation of damages involving use of a **copyrighted beat** in a **highly promoted WrestleMania event involving Floyd Mayweather.**

*Rafael Vergara Hermosilla v. The Coca Cola Company*, Southern District of Florida, 2010, report and deposition, valuation of defendant profits resulting from infringement of song ***Wavin' Flag*** in an **international advertising campaign for the World Cup**.

*Chris Lester v. U2, Apple Computer, and Universal Music Group*, Central District of California, 2009, report and deposition, estimated damages from copyright infringement involving U2's **song *Vertigo*** used in concerts and recordings.

*Serendip LLC, et al. v. Warner Bros. Entertainment, Inc.*, Central District of California, 2009, report and deposition, estimated damages in copyright infringement on released DVD containing the **soundtrack to *A Clockwork Orange.***

*D.L. Byron v. Rascal Flatts and Disney Corp.*, Southern District of New York, 2009, report, estimated copyright damages for infringement of **Pat Benatar composition *Shadows of the Night* by Rascal Flatts in multi-platinum composition *No Reins.***

*Evilkid Productions v. DreamWorks LLC & Paramount Pictures*, Southern District of New York, 2009, report, estimated damages and assisted settlement involving the use of commercial art in **the hit movie *Transformers.***

*Victor Lopez v. Daddy Yankee and Universal Music,* Central District of California, 2009, consultant on damages for album track used on **multi-platinum release *Barrio Fino***.

*Charles Watt v. Dennis Butler, et al.,* Northern District of Georgia, 2009, report, estimated copyright damages involving **platinum release *Betcha Can't Do It Like Me* by rap group D4L**.

*The Jackson Sisters v. Universal Music Group*, Superior Court of the State of California, 2008, consultant, assisted classic recording act for recovery of damages for unfair trade practices in **use of legacy materials in sound recording.**

*MCS Music America, Inc., et al. v. Napster, Inc., et al.,* Central District of California, 2008, consultant to music publishers in copyright infringement matter involving limited downloads and subscription streaming by the **digital music service Napster.**

*Henry Carter v. Independent Productions, Inc.*, et al., Superior Court of Delaware, 2008, consultant, royalty dispute among members of **rock band George Thorogood and the Destroyers.**

*Bridgeport Music, Inc.* v. *Smelzgood Entertainment, et al.,* Middle District of Tennessee, 2007, report and trial testimony, estimated damages for unauthorized use of **George Clinton's classic funk composition *Atomic Dog*** in Public Announcement's ***D.O.G. in Me.***

*TMTV Corp. v. Mass Productions***, Inc.,** District of Puerto Rico, 2006, report and trial testimony, estimated damages resulting from copyright infringement of Puerto Rican **television program** by producer and comedian Sunshine Logrono.

*Velocity Entertainment Group v. NBC Universal and Donald Trump*, 2006, Los Angeles Superior Court, Los Angeles, California, consultant, valuation of treatment used in popular **reality television show, *The Apprentice***.

*Bridgeport Music, et al. v. Crited Music.,* Middle District of Tennessee, 2006, report, estimated damages for copyright infringement of **musical composition *You'll Like it Too***.

*Thomas Turino, et al. v. Universal Music, et al.,* Central District of California, 2006, report and deposition, estimated damages resulting from copyright infringement in **Christina Milian's sound recording *Dip It Low.***

6

*Bridgeport Music, et al. v. Universal Music, et al.,* Middle District of Tennessee, 2006, report and trial testimony, estimated damages for unauthorized use of three compositions and sound recordings on **Notorious B.I.G. last album (*Ready to Die*) produced by P. Diddy.**

*TMTV Corp.* v. *Televicentro de Puerto Rico, Inc.,* District Court of Puerto Rico, 2005, report, estimated damages resulting from infringement of Puerto Rican **television program.**

*The Royalty Network, Inc., et al. v. Activision, et al.,* Central District of California,  2005, report, estimated damages for use of music on best-selling **video game *Streets of Los Angeles.***

*Al Howard Productions, Inc. v. Paxson Productions,* Central District of California, 2005, report, estimated commercial damages for breach of contract involving product placements on **prominent television game show, *Supermarket Sweeps.***

*Mojo Music, et al., v. Walt Disney Records,* Los Angeles Superior Court, 2004, report, valued synchronization rights in **musical compositions used in *Lion King 2.***

*Willie Woods v. BMG Music/Atlantic Recording Company, et al.,* Eastern District of Missouri, 2004, report, valued damages for unauthorized use of musical compositions in a **Nappy Roots' multi-platinum song *Po Folks.***

*Darryl D. Lassiter, et al., v. Twentieth Century Fox Film Corp.,* Central District of California, 2004, consultant, regarding damages due for use of unauthorized **screenplay in the movie *Drumline.***

*Sharon Haygood, et al. v. Coca-Cola, et al.,* 17th District Court of Tarrant County, Texas, 2004, report and deposition, calculated professional losses for gospel artist who suffered **personal injury in automobile accident.**

*Universal Music Publishing Group v. Fitness Quest, Inc.,* Northern District of Ohio, 2003, report and deposition, estimated damages from copyright infringement of **music soundtrack in an exercise video tape.**

*Brought to Life v. MCA Records, Inc., et al.,* Southern District of New York, 2002, consultant, valued copyright damages in **Mary J. Blige song *Family Affair.***

*Michael A. Lowe v. Loud Records,* Eastern District of Pennsylvania, 2002, report, valued damages for copyright infringement in **musical track *X* produced by Dr. Dre**.

*Aimee Mann v. UMG Recordings, Inc., et al.,*  Central District of California, 2002, consultant, estimated sales displacement and loss of income resulting from the **unauthorized release of compilation album of Aimee Mann.**

*Jacques Loussier v. UMG Recordings, Inc., et al.,* Southern District of New York, 2002, consultant, surveyed data regarding copyright infringement of improvisational composer **by Eminem in song *Kill You.***

*Hamstein Music Group, et al. v. MP3.com, Inc., et al.,* Central District of California, 2002, consultant, estimated damages for multiple infringements by MP3.com involving multiple **musical compositions**.

*Chrysalis Music v. MP3.com, Inc., et al.*, Central District of California, 2002, consultant, estimated damages for multiple infringements by MP3.com of multiple **musical compositions.**

*Major Bob Music, Inc., et al. v. MP3.com, Inc.,* Southern District of New York, 2001, report, estimated damages for unauthorized use of **Garth Brooks' musical catalog** by digital library service MP3.com.

**Trademarks, Trade Secrets, and False Advertising**

*Smartbox Solutions, Inc.,  v. A. Maloney Moving & Storage, Inc,*, Eastern District of Louisiana,  report,  2019. estimation of damages resulting from **defendant's purported infringement of a trademarked franchise name**. .

*GoDigital Media Group, LLC  v.  GoDigital Inc.,* Central District of California,  report, 2018,  liability and damage valuation from infringement **of trademark  owned by digital media company**

*Helpful Hound, LLC, v.  New Orleans Bldg. Corp., et al.,* Eastern District of Louisiana,  2019, report, damages related to use of an **infringing trademark used in a food market based in New Orleans.**

*Computer Programs and Systems, Inc. et al. v. Wazu Holdings, Inc., et al.*, Southern District of Alabama, 2018, report and deposition. damages related to use of an **infringing mark in a software application in medical technology.**

*The Choice is Yours v. The City of Philadelphia, et al,*   Eastern District of Pennsylvania, 2018, report, damages related to trademark infringement of **worker training program**

*Kische USA, LLC v. Ali Simsek and Jane Doe Simsek, et al*., Western District of Washington, 2017, report. damages related to **trademark infringement and unfair competition** from a competing distributor of imported apparel.

*VBS Distribution, Inc. et al. v. Nutrivita Laboratories, Inc., et al.,* Central District of California, report, 2017, **damages related to false advertising and unjust enrichment involving dietary supplements.**

*Mladen Pintur, et al. v. Helen Rogic, et al*., Southern District of New York, report, 2017, **damages related to trademark infringement of business name**

*Baskim Holdings, Inc.  v. Two M, Inc. d/b/a Babe's Cabaret, et al*., District of Nevada, report and deposition, 2017, damages **related to misuse of trademarked name.**

*Healthmate International, Inc., v. Timothy W.T. French, et al*., Western District of Missouri, report, 2016, **damages related to false advertising and unfair competition.**

*Elinor Shapiro v. Hasbro, Inc.,* Central District of California, 2016, report and deposition,  **infringement of trade secrets by toy manufacturer Hasbro.**

*Milk Studios v. Samsung Electronics Co., Ltd., et al*., Southern District of New York, 2016, report, **defense of Samsung Electronics in a trademark damage valuation.**

*JMC Restaurant Holdings, Inc., et al.  v. Marcelo Pevida, Inc., et al.,* Eastern District of New York, 2016, report and deposition, defense of **trademark user in international restaurant market.**

*House of Auth, LLC v. 721 Bourbon, Inc.,* District of Connecticut, 2016, report, regarding **damages from trademark infringement of beverage**

*Events Media, Inc.  v. The Weather Channel, Inc.*, District Court of New Jersey, 2015, report and deposition, trade **secret infringement by major cable network** *The Weather Channel.*

*KLM & M, LLC, et al. v.  VCP2 Augusta, P.C., et al.,* Southern District of Georgia, 2015, report, valuation of damages related to **trademark infringement by a medical practice.**

*Simone Kelly-Brown v. Oprah Winfrey and Harpo Productions,* Southern District of New York, 2014, report and deposition, valuation of damages resulting from a **trademark infringement  by Oprah Winfrey and Harpo Productions.**

*Who Dat?, Inc. v.   Who Dat Shoppe, et al.,* Eastern District of Louisiana, 2014,  report,  valuation of damages resulting from infringement of  **trademark of major regional brand of apparel.**

*Vivid Entertainment, LLC v. Jose Baserva,* Middle District of Florida, 2014,  report, valuation of damages resulting from infringement of **business name in entertainment chain**

*Benchmark Young Adult School v. Launchworks Life Services LLC,* Southern District of California, 2014, report, valuation of damages resulting from infringement of **plaintiff's business name by competing health care provider**.

*Kim, Khloe, and Kourtney Kardashian, and BOLDFACE Licensing + Branding v.  By Lee Tillett, Inc.,* Central District of California, 2013, report, valuation of damages resulting from trademark infringement in **cosmetics line KROMA by the Kardashian sisters.**

*Original Gourmet Food Company, Inc. v. Jelly Belly Candy Company*, District of New Hampshire, 2013, report and deposition, regarding declaratory judgment to enforce trademark rights for **candy manufacturer.**

*East West LLC v. Caribbean Crescent,  Inc.,* Northern District of Virginia, 2012, report and deposition, valuation of damages involving use of a trademark and trade name by a competitor in the **food provision business.**

*Rock and Roll Religion v. Cels Enterprises,* Central District of California, 2012, report, valuation of damages resulting from infringement of trademark in **women's apparel.**

*PML Clubs v. Gold Suit, Inc., Northern District of Texas, 2012, report and deposition, valuation of damages* resulting from trademark infringement in the market for **adult cabaret establishments.**

*Super-Krete International v. Lafarge Group,* 2013, opinion letter, regarding trademark valuation of a **cement product** for a settlement conference between two parties.

*Kilter, Inc. v. Avon Corporation,* Southern District of New York, 2011, report and deposition, damage valuation of trademark infringement and misappropriation of intellectual property by **major cosmetics company.**

*L.A. Triumph, Inc. v. Madonna Louise Veronica Ciccone and Material Girl,* Central District of California, 2011, report, valuation of damages from a trademark infringement  in **clothing line (Material Girl) owned by Madonna**.

*Miller International, Inc. v. Clinch Gear, Inc., et al.,*   District of Colorado, 2010, report, valuation of damages from a trademark infringement by a designer of **martial arts apparel.**

*Golf Cart World, Inc.  v. Mike's Golf Carts, Inc.*, Middle District of Georgia, 2010, report, estimated damages resulting from a trademark infringement in **golf carts and hunting carts.**

*Doctor's Associates, Inc. v. QIP Holder, LLC  and IFilm, Corp.,* District Court of  Connecticut,  2008, consultant, reviewed expert materials in false advertising matter **involving *Subway* and *Quizno's.***

**Publicity Rights**

*Abigail Ratchford, et al.  v. New Fairview Lounge,* District of Colorado, 2019, report, valuator of damages resul **models** by adult nightclub in Colorado. .

*Tiffany Toth Gray, et al.  v. LG&M  Holdings, et al*, District of Arizona, 2019, report, valuation of damages result **models** by adult nightclub in Arizona.

*Brenda Geiger et al, v. Creative Impact,* District of Arizona, 2019, report, valuation of damages resulting from us adult nightclub in Arizona.

*Abigail Ratchford, et al. v. AEG Ventures, LLC,* Southern District of Illinois, 2019, report, valuation of damages **four glamour models** by adult nightclubs in Illinois.

*Alana Campos, et al. v. Metropolitan Bush Company*, Sup. Ct. of the State of Ariz. 2019, report, valuation of c images of ten  glamour models by adult nightclub in Arizona.

*Timed Out v. Red Tie Gentlemen' Club.*, No. Dist. of California, 2019, consultant, valuation of damages resulting f models by  adult nightclub in California.

*Hilary Hepner, et al. v. Déjà vu Services, Inc. et al*., Eastern District of Michigan, 2018,  report,  valuation of damages resulting from use **of images of eleven glamour models** by adult nightclubs in Michigan.

*Irina Voronina,  et al. v. Scores Holding Company, et al*,  Southern District of New York, 2018, report,  valuation of damages resulting from use of **images of fifty-one glamour models** by a chain  of adult  clubs in New York City.

*Jamie Edmondson  et al. v.  Caliente Resorts,  LLC, et al*.  Middle District of Florida, 2016, report and deposition, valuation of damages resulting from use of **images of glamour models** by adult resort in  Florida.

*Reese Witherspoon v. Marketing Advantages International,* Superior Court of California, 2015, report, valuation of damages involving use of **name and image of actress Reese Witherspoon** in connection with online retailer.

*Jason Lezak v. Active Network,* Superior Court of California, 2015, report, valuation of damages involving use of **image of Olympic swimmer Jason Lezak** in connection with online software application

*Sandra Bullock v. ToyWatch USA,* Superior Court of California, 2013, opinion letter, valuation of damages involving use of **image of actress Sandra Bullock** in a commercial website for apparel accessory.

*Zooey Deschanel v. Steve Madden, et al.,* Superior Court of California, 2011, report and deposition, valuation of publicity rights of **actress Zooey Deschanel** used in line of women's shoes.

*Michelle Pfeiffer, et al. v. CompUSA,* Superior Court of California, 2011, report, valuation of **publicity rights of Sandra Bullock, Michelle Pfeiffer, Diane Keaton, Mandy Moore, Cameron Diaz, and Kate Hudson** in retail advertisements .

*Woody Allen v. American Apparel, Inc.*, Southern District of New York, 2009, consultant in valuation of reasonable damages in publicity rights of **movie director Woody Allen** used on urban billboards .

*Evgeni Petrosyan v. DIRECTV, Inc.,* Eastern District of New York. 2009, consultant regarding damages for infringement of publicity rights of **comedian Evgeni Petrossian** by satellite network.

*Arnold Schwarzenegger and Oak Productions, Inc. v. Recycled Paper Greetings, Inc., et al.,* Superior Court of California, 2005, report, estimated damages in publicity rights case involving greeting card merchandise bearing **image likeness of Arnold Schwarzenegger.**

*Lawrence "Yogi" Berra v. Turner Broadcasting System*, Superior Court of New York, 2005, consultant, valued publicity rights case involving the unauthorized use of **personal name Yogi Berra** in citywide advertising campaign.

*Rosa Parks v. BMG Music/Laface Records, et al.,* Eastern District of Michigan, 2004, deposition, valued publicity rights involving use of **celebrity name Rosa Parks** in a BMG album bearing the name and track *Rosa Parks.*

*Melina Kanakaredes v. Ouidad, Inc.*, Eastern District of Ohio, consultant, 2004; publicity rights case involving damages resulting from magazine articles bearing **actress name Melina Kanakaredes.**

**Design, Apparel, and Photography**

*Neil Zlozower and Barry Levine v. Motley Crue, Inc.,* Southern District of New York, 2017, report and deposition, infringement of **copyrighted photographs of famous music group** by touring company and merchandise sellers.

*Dana Ruth Lixenberg v. Bioworld Merchandising, Inc., et al.,* Central District of California, 2017, infringement of photos of Tupac Shakur and Notorious B.I.G. used on **apparel sold in major retail chain**.

*PK Studios, Inc. v. RLR Investments, LLC, et al.,* Middle District of Florida, 2016, report, matter involving **infringement of architectural plans** in residential development.

*Idra Alta Mode, LLC v. D'Lymer, Inc. d/b/a Edwards Lowell, Central* District of California, 2016, report, matter involving **breach of contract in furrier operations.**

*Hansel Oy v. US Department of Health and Human Services, et al.,* 2016, opinion letter, report, valuation of **copyright damages in use of designs** created by a Finnish technology company.

*Glen Craig v. Universal Music Group  et al.*  Southern District of New York, 2016, report**,** infringement of **copyrighted photographs of legendary artist B.B. King** by parties related to his estate.

*Radix Textile, Inc. v. Anthropologie, Inc., et al*., Central District of California,  2015, report, valuation of damages resulting from **copyright infringement of apparel design** by major clothing chain.

*Klauber Brothers, Inc. v. Forever 21 Retail, Inc., et al*., Central District of California, 2015,  report, valuation of damages resulting from **infringement of copyrighted apparel design** by a major apparel chain.

*Star Fabrics, Inc. v.  Joyce Leslie, Inc.,* Central District of California, 2014,    report,  valuation of damages resulting from **infringement of  copyrighted apparel design**   by  major retail chain.

*Ron Satija and Heather Lynette Mowder v. General Automobile Insurance Company*, District Court of Northern Ohio, 2014, report, valuation of damages resulting from infringement of **cartoon character *The General* in national advertising campaign.**

*NTD Architects v. Baker Nowicki Design Studio,* Southern District of California, 2013, report and deposition, estimated damages resulting from copyright infringement involving **architectural plans**.

*Sheila Lyons, DVM   v. Robert Gillette, et al.,* District of Massachusetts, 2013,  report, valuation of  damages resulting from copyright infringement of **professional training materials**.

*Turnkey Associates v. Steph Weiand*, et al., District of Iowa, 2012, report, estimated damages resulting from copyright infringement of **architectural plans** by severed employee in new professional concern.

*Murray Engineering v. Windermere Properties, et al*., Southern District of New York, 2012, report, estimated damages resulting from copyright infringement of **architectural plans** in New York residential building.

*Home Design, LLC v.  Collard Properties*, District of Colorado, 2012, report, valuation of damages and defendant profits in connection with copyright infringement of **architectural plans** in new residential development.

*U.S. Textile Printing v. Crew Knitwear, et al.,* Central District of California, 2010, report and deposition, estimated damages resulting from copyright infringement of **textile design** by retail chain**.**

*Melk Communications v. Pennsylvania Medical Society, et al.*, Eastern District of Pennsylvania, 2010, report, estimated damages resulting from fraud, misappropriation, and  copyright infringement of **commercial marketing materials.**

*Timpco v. Implementation Services*, Southern District of Indiana, 2009, report, valuation of damages resulting from copyright infringement of **commercial marketing materials.**

12

*Malibu Textiles v. CABI, Inc.*, Southern District of New York, 2008, report and deposition, estimated damages for copyright infringement of **eight apparel designs.**

*Melissa Flock v. State of Florida, Division of Emergency Management*, Northern  District of Florida, 2007, report, estimated damages for copyright infringement of **cartoon characters** by the State of Florida.

*Neil Zlozower v. Harris Publications, Inc.,*  Southern District of New York, 2006, report and deposition, valuation of lost **photographic slides owned by famous photographer** of rock group *Metallica.*

*Vera Bradley, Inc. v. Target Stores, Inc.,*  Northern District of Indiana, 2006, report, valuation of unauthorized **apparel design on swimwear** distributed by Target Stores.

*Command Cinema Corp.* v. *VCA Labs, Inc.,* Southern District of New York, 2006, report, estimated commercial damages resulting from the **destruction of master tapes** bearing releases of two adult movies.

*Impala Lechner v. Marco-Domo Internationales Interieur, et al.*, Southern District of New York, 2004, consultant, estimated damages for copyright infringement of **sculpture designs.**

*Core Group P.C. v. Sprint PCS*,  American Arbitration Association, 2004, report and trial testimony, estimated damages for copyright infringement of **architectural plans** used in nationwide redesign of retail space operated by Sprint.

**Technology and Cyberspace**

*Nite Glow Industries Inc., et al. v. Central Garden & Pet Company, et al.,* District of New Jersey, 2018, testimony at trial, estimation of damages related to **patent infringement for pet goods products.**

*Nouis Technologies v. Polaris Industries,* W. D. Wisc., 2015, report, matter involving **patent infringement for clutch components in all-terrain vehicles.**

*Brian Lemper, M.D. v. Legacy IP, LLC,*  Superior Court of Nevada, 2015, deposition,  matter involving purported breach of contract in procuring **patent application for medical technology.**

*Cellebrite Mobile SyncRonization Ltd. v. Micro Systemation AB,* Northern District of Virginia, 2014, report, estimated damages for **copyright infringement of intelligence software** designed to remove records from suspect cell phones.

*Scott E. D. Skyrm v. Newedge USA, LLC,* FINRA Dispute Resolution  #12-02346, 2014, testimony, , valuation of damages  resulting from **copyright infringement of data format in online financial newsletter.**

*Munhwa Broadcasting Corporation v. Media Journal, Inc., et al.,*  Central District of California, 2014,  declaration in support of plaintiff in **anti-circumvention liability**.

*Virtual Studios v. Beaulieu Group, LLC,*  Eastern District of Tennessee,  2013,  report, valuation of damages involving **copyright infringement of design software** for virtual display of interior designs.

*TVB Holdings (USA), Inc. v. Tai Lake Communication, Inc.,* Central District of California, 2013, report, regarding economic harm created by **circumvention device** that breached access and copyright protection on Asian programming.

*James DeCordova v. MCG Nevada, Inc.*, Central District of California, 2012, report, valuation of damages resulting from **patent infringement for a sleep-enhancing device.**

*BanxCorp. v. Costco Wholesale Corporation, Inc., et al.,* Southern District of New York, 2012, report, valuation of damages resulting from infringing use of **compilation data** in an **online banking service.**

*Robert Jacobsen v. Matthew Katzer*, Northern District of California, 2009, report, estimated damages in landmark copyright case involving **copyright infringement of open source software** created by world-renowned Berkeley professor.

*Centrifugal Force, Inc. v. Softnet*, et al., Southern District of New York, 2009, report, valuation of damages resulting from copyright infringement of **operations software.**

*Frogsware, Ltd. v. Viva Media, et al.,* Southern District of New York, 2009,  consultant, assisted video game designer for recovery of damages resulting from a breach of contract and copyright infringement of **video game software.**

*Carpal Therapy, Inc., and David Graston v. Jennifer Graham*, *Esq.,* Marian County Superior Court of Indiana, 2008, report and deposition, estimated commercial losses for inventor of **medical technology** for loss of rights to intellectual property.

*Great Lakes Intellectual Property, Ltd. v. Sakar International, Inc.,* Western District of Michigan, 2006, report, valuation of reasonable royalties for patent infringement in a **graphical user interface chip.**

*Frederic H. Martini v. Pearson Education Services,* Northern District of California,  2005, report, estimated damages for website infringements of prominent illustrator by leading **publisher of medical books.**

*Sandi Gray, et al. v. eUniverse, Inc., et al.,* Eastern District of Texas, consultant, 2004; valuation for copyright infringement by **digital provider of shared content.**

*General Electric v. Kodak,* 2002, consultant, assisted General Electric in valuation of **semiconductor portfolio in patent infringement matter.**

*RIAA v. MP3Board*, Southern District of New York, 2001, report and deposition, involving the **economic effects of search engines** that post links to infringing material.

*Universal City Studios.Inc.,et al. v. Eric Corley*, Southern District of New York, 2000, report and trial testimony, regarding economic effects of decrypting protective code established to protect copyrighted digital works.

**Private Valuations of Intellectual Property**

*Juarez Foods,* 2015, trademarks now controlled by Wise Foods, Atlanta.

*Tom Binns Design, LLC,* 2015, **trademarks and copyrights controlled by the international jewelry concern** Tom Binns Design, LLC.

*The Domain Names of eCommerce, IX Web Hosting, and Host Excellence.* 2012,   **domain names and websites** owned by *online business.*

*The Estate of Tasha Tudor*, 2009, valued the worth of **publishing royalties due to the estate of renowned author and illustrator**.

*New York Observer.* 2008, **domain name of political blog**.

*Greens Today*, 2006, **trademarks for greens health product.**

*Bernard Lewis*, 2005, future **publishing royalties** due to Princeton professor and writer of twenty four books on politics and history.

*Estate of Marlon Brando.* 2005, consultant, valued worth of the Marlon Brando  **name for estate purposes.**


**Commercial Losses, Wrongful Termination,  and Personal Injury**


*Jakks Pacific, Inc.        v. Wicked Cool Toys, LLC            and Jeremy Padawer*,  Supreme  Court of the State of New York, 2017,  report and deposition, valued commercial losses **resulting from breach of contract and tortious interference.**
\
*Pansy Harris-Lane, M.D. v. Jersey City Medical Center, et al.,*  Superior Court of New Jersey, 2017, report, valued **professional damages resulting from disputed termination of mediicaldoctor**

*Hasan Khushaim v. Tullow Inc*. Superior Court of the State of Delaware,   2017, report,  valued actual damages resulting from breach of contract regarding software design.

*Anti-Aging Essentials v. Brian T. Must, et al.,* Court of Common Pleas of Allegheny County, 2016, report, valued commercial losses resulting from **manufacturing malfeasance.**

*DeMartino v. Belleville Board of Education,* Superior Court of New Jersey, 2014,  consultant,  assisted defense counsel for courtroom preparation against plaintiff expert in **wrongful termination case.**

*Deborah Rollins and Luke Randall v. Sunrise Village*, LLC, Superior Court of New Jersey, 2013, report, examined economic losses resulting from **property negligence**.

*Crystal Evans v. Meadowlands Hospital,* Superior Court of New Jersey, 2012, report and testimony, examined economic losses resulting from **medical malpractice.**

*Christine Delurski v. Chester Stone, M.D.,* Superior Court of New Jersey, Morris County Court, 2012, report, estimated economic losses resulting from **wrongful death.**

*Carl Lawson* v. *K2 Sports U.S.A., et al,* Superior Court of New Jersey, Monmouth County Court, 2012, report, estimated economic losses resulting from **personal injury.**

*Peter Piegdon v.  H&S Bakery,* Superior Court of New Jersey, Middlesex County Court, 2007, report and deposition, calculated economic losses from **automobile accident.**

*Dash Artist Management and Dash Entertainment Management v. Ruben Gomez, et al.,* Southern District of Texas, 2004, report, calculated commercial losses for music manager arising from **breach of contract.**

*Florencia Flores, et al. v. Parkchester Preservation Company, et al.*, New York Superior Court, 2004 report, examined economic losses suffered by domestic worker from **on-the-job injury.**

*Safmor, Inc.  v. Ministers,  Elders,  & Deacons of the Reformed Protestant Dutch Church of City of New York,* New York Superior Court, 2005, report and deposition,  calculated **commercial losses** for New York business foreclosed from use of its storefront sign.

*Sharon Haygood, et al. v. Coca-Cola, et al.*, 17th District Court of Tarrant County, Texas, 2004, report and deposition, calculated economic losses for gospel artist who suffered from **personal injury.**


**Antitrust**

*American Home Realty Network v. Edina Realty,* District of Minnesota, 2014, report, examined antitrust liability involving **group boycott of an online realty referral service**

*Royal Benson, M.D. v. St. Joseph Regional Health Center*, Central District of Texas, 2006, report and deposition, examined antitrust liability for **vertical restraints in hospital admissions.**

*United Magazine Company, Inc. v. Murdoch Magazine Distribution, Inc., et al.*, Southern District of New York, 2004, report and deposition, examined antitrust damages **in price discrimination matter involving magazine distributors.**

*The Coalition for a Level Playing Field v. Autozone, Inc., et al.*, Eastern District of New York, 2003, report and trial testimony,  examined antitrust damages **in price discrimination matter involving auto part retailers.**

*AT&T Corp. v. Winback and Conserve Program, Inc., et al.*,  New Jersey District Court, 2003,  consultant, calculated commercial losses suffered by third party telecom provider for **improper termination of AT&T wholesale service.**

*California Scents v. Medo Industries, Inc.,* Central District of California, 2002, report, examined antitrust liability in matter involving the **anticompetitive use of slotting allowances** in retail outlets.

*Prime Communications, Inc. v. AT&T Corp.*, Eastern District of Massachusetts, 2002, report and deposition, examined liability in antitrust lawsuit involving **vertical restraints in access to cable advertising.**

*The Intimate Bookshop, Inc. v. Barnes and Noble, Inc., et al.*, Southern District of New York, 2001, report and deposition, examined economic issues in antitrust suit involving **price discrimination in book retailing.**

*SESAC v. WPNT*, Western District of Pennsylvania, 2001, report and deposition, antitrust case involving the economic consequences of **blanket licensing of musical compositions**.

*Nobody in Particular, Inc. v. Clear Channel, Inc.*,  District of Colorado, 2001, consultant,  antitrust case involving advertising restrictions enforced by a **radio station against a competing concert promoter.**

*State of Florida, et al. v. BMG Music, et al.,*  District of Maine, 2001, consultant, antitrust case involving the **anti-competitive effects of minimum advertising pricing rules** established by five major record companies.

*Golden Channels Company, et al. v. Director General of the Antitrust Authority*, The Court of Trade Restrictions, Tel Aviv, Israel, 2000, report, case involving **vertical  licensing restrictions on content of Sony, Warner, and Paramount.**


## PUBLISHED BOOKS


Media, Technology, and Copyright:Integrating Law and Economics, Edward Elgar, 2004


## ARTICLES AND CHAPTERS

*See also* http://mediatechcopy.com/?page_id=71

Reasonable Royalties in Patent Litigation:  Methods, Evidence, and Experts,  presented at Knowledge Group Webinar, March 22, 2017.

First Sale Rights at SCOTUS: *Kirtsaeng v. John Wiley & Sons*,  Journal of the Copyright Society, Spring, 2016.

Copyright, Causality, and the Courts, Journal of the Copyright Society, Winter, 2015.

The ASCAP and BMI Consent Decrees:  Is Partial Withdrawal Wise?,  Journal of the Copyright Society,  Fall, 2014

Copyright, Causality, and Statutory Reform, Landslide, January-February, 2013-2014.

Gorillas in our Midst: Searching for King Kong in the Music Jungle,  Journal of the Copyright Society, Winter, 2007.

 Patent Reform and Infringement Damages:  Some Economic Reasoning   IP Lawyer, December, 2007;  new version at  Patents and the Entire Market Value Rule.

Copyright Settlement Strategies from a  Damages Expert, GPSOLO, September, 2008.

Expediting the Settlement:  The Use of an Expert, Entertainment and Sports Lawyer, October, 2007.

How Advertising and Peer to Peer are Transforming Media and Copyright, Journal of the Copyright Society, Spring, 2007.

Copyright at a Crossroads, Again!: The Copyright Modernization Act, Entertainment, Arts, and Sports Law Journal, December, 2006.

Swords Into Plowshares: A Convergence of Interests in P2P, Entertainment and Sports Lawyer, Summer, 2006.

Publicity Rights, Merchandise, and Economic Reasoning, Entertainment and Sports Lawyer, March, 2006.

Canadian Quandary: Digital Rights Management, Access Protection, and Free Markets, Progress on Point 3:12, Progress and Freedom Foundation, May, 2006.

"File-Sharing at Madison and Vine: The New Convergence", Century City Lawyer, December, 2005.

"File-Sharing and Market Harm", Entertainment, Arts, and Sports Law Journal, July, 2005.

Transactions Costs and Administered Markets: The Case of Music Performance Rights, Review of Economic Research in Copyright Issues, 3 (1), 37, 2006.

Grokster v. Sony: The Supreme Court's Real Decision, Entertainment and Sports Lawyer, Summer, 2004.

"Peer-to-Peer Networking and Digital Rights Management: How Market Tools Can Solve Copyright Problems" (with Bill Rosenblatt), Journal of the Copyright Society, Winter, 2005.

Music, Mantras, and Markets: Facts and Myths in the Brave New World, Entertainment, Arts, and Sports Law Journal, Winter, 2004.

"Music in the Crucible: A Year in Review", Entertainment and Sports Lawyer, Summer, 2004.

Digitization and its Discontents: Digital Rights Management, Access Protection, and Free Markets, Journal of the Copyright Society, Spring, 2004.

Whose Song is it Anyway?: Infringement and Damages in Musical Compositions, Entertainment and Sports Lawyer, Spring, 2004; new version at Damage Valuation in Music Copyright

Vertical Merger in a High Tech Industry: Synopsis, Avant!, and the FTC, 2 Economics Committee Newsletter of the American Bar Association 2, 2002.

Tying, Patents, and Refusal to Deal: Economics at the Summit, 2 Economics Committee Newsletter of the American Bar Association 1, 2002.

Intellectual Property and Antitrust: Music Performance Rights in Broadcasting, Columbia Journal for Law and the Arts, 2002.

"Keep Off My Privacy: How Sweet the Sound?", Bright Ideas, 2002.

Purple Beasts and Lewd Tunes: Economic Reasoning and Copyright, Entertainment, Arts, and Sports Law Journal, 2002.

"How to Cure Performance Anxiety", 13 <u>Entertainment, Arts, and Sports Law Journal, 2</u> Summer, 2002.

"Traffic Jam on the Music Superhighway: Is it a Reproduction or a Performance?", <u>Journal of the Copyright Society</u>, 2002 (with Lewis Kurlantzick).

<u>Miss Scarlett's License Done Gone:  Parody, Satire, and Economic Reasoning</u>, 20  <u>Cardozo Arts and Entertainment Law Journal</u> 4, 2002.

<u>Copyright, Prevention, and Rational Governance:  File-Sharing and Napster,</u> <u>Columbia Journal for Law and the Arts</u>, 2002.

"Internet Television and Copyright Licensing", 20 <u>Cardozo Arts and Entertainment Law Journal</u> 2, 2002.

<u>Old Friends:  ASCAP and  DOJ  Reach a  New Consent Decree,</u> <u>Entertainment and Sports Lawyer</u>, 2002.

"Digital Rights Management and Access Protection" in <u>Proceedings of the ALAI Congress: June 13-17, 2001</u>, J. Ginsburg, ed., Columbia University, 2002.

Digitalization' and the Arts", <u>Handbook of Cultural Economics</u>, Ruth Towse, ed., Edward Elgar Publishing Ltd., 2002.

<u>Internet TV and Copyright Licensing: Balancing Cents and Sensibility</u>, <u>Internet Television</u>, ed. D. Gerbarg, E. Noam, J. Groebbel, Lawrence Erlbaum Publishers, Mahwah, NJ, 2002.

"Music Licensing in the Digital Age", <u>Copyright in the Cultural Industries</u>, Ruth Towse, ed., Edward Elgar Publishing Ltd., 2002.

<u>Search and  Destroy:  How to Tame a Spider,</u> <u>IPL Newsletter</u> 1, 2001.

"Biting the Hand that Feeds", <u>Century City Lawyer</u>, November, 2001, with Duncan Cameron.

"Interpreting Amended ASCAP Consent Decree: More Options to Avoid Blanket Royalties",  <u>Entertainment Law and Finance</u>,  October, 2001.

**UNPUBLISHED ARTICLES**

Reasonable Royalties in Patent Litigation:  Methods, Evidence, and Experts

Trademarks and Financial Remedies:  Standards in the Common Law

Trademark Valuation and Market Analysis

Pharmaceuticals and Compulsory Licensing

Trademarks, Injunctions, and *eBay v. MercExchange*

Publicity Rights and Rational Valuation

Art as Innovation:  "The Wind Done Gone" Case

Market Imperfection and  Failed Governance:  The Case of  Music  Performance  Rights

Information Transfer in Cyberspace:   Popups,  Keying,  and  Privacy

Copyright Settlement Strategies from a Damages Expert

**January, 2020**