LAW OFFICE OF ROBERT L. GREENER P.C.
112 MADISON AVENUE, 6TH FLOOR
NEW YORK, NEW YORK 10016
(646)415-8920 PHONE
(212)689-9680 FAX
RLG@GREENERLEGAL.COM
WWW.GREENERLEGAL.COM

MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/20
```

October 22, 2020

Via ECF
Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street., Room 1910
New York 10007

Granted.
/s/ Denise Cote
10/23/20

**Re: Mambu Bayou v. Afropunk LLC – Case no: 18-cv-05820 (DLC)**

Dear Judge Cote:

    We represent the Plaintiff in the above-named matter. Pursuant to your Honor's Individual Rules and subject to the protective order of the court dated August 2, 2020, we respectfully seek leave to file under seal copies of Afropunk's financial statements as exhibits to Plaintiff's opposition to Defendants' motions in limine,

    Defendants allege that the documents contain confidential and sensitive financial data of defendant, Afropunk LLC. which was produced during discovery and are subject to an Attorneys' Eyes Only Stipulation. As per the Protective Order, Plaintiffs seek to file the confidential information under seal.

    Where there has been an application to seal a document, the Court of Appeals for the Second Circuit has held the decision whether to seal court records requires weighing the importance of the presumption of public access, depending upon the type of judicial function at issue, against the interests sought to be protected by sealing. United States v. Amodeo, 71 F.3d 1044, 1047-1051 (2d Cir. 1995). The motives of the party invoking the presumption of public access, and those of the party opposing such access, may be considered insofar as they bear on the veracity of the parties' asserted positions. id. at 1050. In all events, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994).

    The public's right to access the courts records is considered a fundamental First Amendment right. Thus, a party seeking to file under seal must overcome the high bar set out by the Frist Amendment. However, the First Amendment presumption of access may be overcome

"'if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Lugosch v. Pyramid Co. of Onondaga, supra, 435 F.3d at 120, quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987); see also EEOC v. Kelley Drye & Warren LLP, No. 10 Civ. 655 (LTS)(MHD), 2012 U.S. Dist. LEXIS 28724, 2012 WL 691545 at *2, *3 (S.D.N.Y. 2012) (Swain, D.J.)

Here the information sought to be filed under seal contains highly confidential business records which are subject to a protective order. Plaintiff's request is narrowly tailored in this situation to file these documents in opposition to the Defendants' motions in limine. Court's in this circuit routinely grant permission to file under seal, and generally not of the type the public would ordinarily have access to. So, closure is essential to maintain confidentiality of Defendants business records.

Wherefore, it respectfully requested that the Court grant the application to file Defendants financial documents under seal. If your honor has any additional questions or needs more information, please contact me at your convenience.

Yours Truly,

ROBERT L. GREENER

Cc: Brian Pete of Lewis Brisbois Bisgaard & Smith LLP.