UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MAMBU BAYOH,

                                            Plaintiff,

                                                              Case No. 1:18-cv-05820

          -against-

AFROPUNK FEST 2015, LLC, AFROPUNK
LLC, AFROPUNK GLOBAL INITIATIVE LLC,
and MATTHEW MORGAN, JOCELYN
COOPER, and JOHN DOE and JANE DOE 1-10
individually,

                                            Defendants.

---------------------------------------------------------------------X


## Plaintiff's Objection to Charge the Jury


**Proposed Jury Instruction No. 1: Nature of Plaintiff's Claims**

In this case, the plaintiff, Mambu Bayoh, claims that Matthew Morgan, Jocelyn Cooper, and Afropunk, LLC unlawfully infringed his copyright in certain photographs taken at and used for the Afropunk festival in violation of the United States Copyright Act. Defendants Matthew Morgan, Jocelyn Cooper, and Afropunk LLC deny infringement, and further state that the plaintiff not only consented to the use of his photographs, but also was compensated accordingly. Defendants had no reason to believe -- during the time of use -- that plaintiff changed his mind or otherwise somehow refused to no longer provide his consent or authorization for the use of certain photographs. Later in the case, I will give you more specific instructions regarding the elements of each of the claims and defenses.


PLAINTIFF OBJECTS TO THIS CHARGE AS IT IS ARGUMENTATIVE AND BAISED

2

**Proposed Jury Instruction No. 2: Introduction**

Ladies and gentlemen of the jury, we are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Mambu Bayoh or "plaintiff." The parties being sued are called the

defendants. In this action, the defendants are Matthew Morgan, Jocelyn Cooper, and Afropunk, LLC.

Over the course of this trial, you will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court." When I say, "admitted into evidence" or "received into evidence," I have ruled that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. When I "sustain" an objection, I am excluding that evidence from this trial and you should not consider it when making your decision. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate that I have any opinion about the facts in the case. I will do so to clarify the legal and factual issues for you.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but I ask that you keep in mind the importance of the matter you are here to determine and ask that you will be patient even though the case may seem to go slowly.

**Proposed Jury Instruction No. 3: Order of Trial**

The first step in the trial will be the opening statements. In his opening statement, plaintiff's counsel will tell you about the evidence that he intends to put before you, so that you will have a preview of what his case is going to be. It is important that you remember that the opening statement is not evidence. Its purpose is only to help you understand what the evidence will be and what plaintiff will try to prove.

After plaintiff's opening statement, counsel for defendants will make an opening statement, so that you have a preview of the defenses. Similarly, it is important for you to keep in mind that this opening statement is not evidence. At this point in the trial, neither side has offered any evidence.

After both sides have made their opening statements, plaintiff Mambu Bayoh will call his first witness or otherwise offer evidence that he says will support his claim against the defendant. Defendants' counsel will have an opportunity to cross examine plaintiff's witnesses. After plaintiff has had a chance to show you his evidence, the defendants may present evidence on its behalf. Plaintiff's counsel will then have an opportunity to cross examine defendant's witnesses.

After you have heard all the evidence on both sides, counsel for plaintiff and counsel for defendant will each be given time for their closing arguments. I just told you that the opening statements are not evidence. The same applies to the closing arguments, which are not evidence either. In their closing arguments, the lawyers for plaintiff and defendant will attempt to summarize their cases and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decision. Your deliberations will be secret. You will never have to explain your verdict to anyone.

**Proposed Jury Instruction No. 4: Province of Judge and Jury**

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial. After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. By your verdict, you will decide disputed issues of fact.

I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

In other words, as Judge, I will decide which rules of law apply to this case. I will make those decisions in response to questions raised by the parties as we go along and also in the final instructions given to you after the evidence and arguments are completed. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

As the jury, you will decide whether plaintiff has proven, by a preponderance of the evidence, that the defendant violated the law. You must base that decision only on the evidence in the case and my instructions about the law.

I am permitted to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**Proposed Jury Instruction No. 5: Jury Conduct**

Ladies and gentlemen, to ensure fairness to the parties in this action, you must obey the following rules: Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until after you have reached your verdict. If someone should try to talk to you about the case before then, please report it to me immediately.

During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. Do not do any research, such as checking dictionaries or searching the Internet, or make any investigation about the case, the parties, the witnesses, or the attorneys on your own.

Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence. If you need to tell me something, simply give a signed note to the [marshal] [clerk] to give to me. To reiterate, during the course of the trial you will receive all the evidence you properly may consider to decide the case. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors,

7

but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I expect you will inform me if you become aware of another juror's violation of these instructions. The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

**Proposed Jury Instruction No. 6: Role of The Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nothing I may have said during the trial or what I may say in these instructions is evidence pertaining to any fact. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are

8

not any indication of my views of what your decision should be as to whether or not the either of the parties has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

**Proposed Jury Instruction No. 7: Note Taking**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

If you decide to take notes, a word of caution is in order. You must not allow your note-taking to distract you from the proceedings. Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and

9

are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

**Proposed Jury Instruction No. 8: Evidence in This Case**

The evidence in the case consists of the following: the sworn testimony of the witnesses, no matter who called the witness; all exhibits received in evidence, regardless of who may have produced the exhibits; and all facts that may have been judicially noticed, admitted by the parties, or stipulated to between the parties, and that you must take as true for purposes of this case.

Where I have declared that I have taken judicial notice of some fact or event, you must accept that fact as true. A stipulation is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved. An admission is a concession by a particular party that a certain fact is true. When a party concedes or admits the existence of a fact, you must, unless otherwise instructed, accept the admission as evidence, and regard that fact as proved.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. Furthermore, if a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact.

Any evidence as to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded. Depositions may also be received in evidence. Depositions

10

contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions. Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on the evidence. I urge you to pay close attention to the testimony as it is given.

**Proposed Jury Instruction No. 9: What Is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers; questions and objections of the lawyers; testimony, documents, or other information that I instruct you to disregard; and anything you may see or hear

when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Proposed Jury Instruction No. 10: Burden of Proof**

This is a civil case. As I mentioned earlier, the plaintiff here is suing the defendants. Plaintiff has the burden to prove every essential element of each of his claim by a preponderance of the evidence as against each and every defendant. Likewise, the defendants have the burden to prove every essential element of their affirmative defenses by a preponderance of the evidence.

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. One way to think about this is as follows: if you were to put all of the evidence in favor of plaintiff, and all of the evidence in favor of defendant on opposite sides of a scale, plaintiff must make the scale tip to his side. If the scale tips in defendants' favor, or if the evidence is equally balanced, then plaintiff has not met his burden of proof and your verdict must be for the defendant. If, in your view, the scale tips in plaintiff's favor, he has met his burden and your verdict must be for plaintiff.

If plaintiff fails to establish any essential element of his claim by a preponderance of the evidence, you should find for defendants as to that claim. I will explain these elements to you in detail.

Please keep in mind that, when assessing whether a party has met its burden of proof on any claim, the question is not which party called the greater number of witnesses, or how much time one party or another spent on that claim during the trial. Your focus must always be on the quality of the evidence: its persuasiveness in convincing you of its truth.

**Proposed Jury Instruction No. 11: Credibility of Witnesses**

As the trial proceeds, the parties in this action will present you with the evidence they will use to make their cases. They will ask you to draw very different conclusions about various factual issues in the case.

In deciding the facts, you will have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

In this process, ladies and gentlemen, you are the sole judges of the credibility of the witnesses and the weight their testimony deserves. It is your job to decide how believable each witness was in his or her testimony.

How do you determine where the truth lies? You will watch each witness testify. Everything a witness says or does on the witness stand counts in your determination. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. You should consider the opportunity the witness had to see, hear, and know the things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, the reasonableness and probability of his/her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

To repeat, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**Proposed Jury Instruction No. 12: Duty of Impartiality**

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion.

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about one of the parties. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The fact that one party is a company does not mean they are entitled to any lesser consideration by you. All litigants are equal before the law, and companies, big or small, are entitled to the same fair consideration as you would give any other individual party.

All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

**Proposed Jury Instruction No. 13: Juror's Electronic Communications**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as cell phones, iPhones, the Internet, e-mail, text messaging, Twitter, any blog or website or social media platform, including Facebook, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury

16

room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**Proposed Jury Instruction No. 14: Stipulations of Fact**

As I just mentioned, when the lawyers on both sides stipulate or agree to the existence of a fact, you must accept the stipulation as evidence, and regard that fact as proved. Here, plaintiff and defendants have stipulated to the following facts, all of which you must take as true:

1. Afropunk organizes a series of music festivals of the same name; the first Afropunk festival was held in 2005 in Brooklyn, New York.

2. Afropunk combines the terms "Afro" as an African or black ethnicity connotation and "Punk" as a rebel or artistic message of culture.

3. Defendant Matthew Morgan ("Morgan") is the founder of Afropunk and serves as its co-CEO along with Defendant Jocelyn Cooper ("Cooper"), who supervises marketing and partnerships for the entity.

4. Afropunk hires photographers to shoot its festivals and thereby obtains images to use in future promotional materials.

5. Afropunk oftentimes has hired as many as 40 photographers per year, depending on location.

6. In May 2015, an Afropunk employee emailed Plaintiff Mambu Bayoh ("Bayoh"), and explained that Afropunk was building a new website and would "love for some of [his] images to be featured."

7. Bayoh provided a selection of photographs and stated that he had "retained rights" to the images and would "require compensation for the PR rights regarding [his] images."

8. Bayoh's reply was forwarded to Morgan, who suggested that they "jump on a call."

9. In August 2015, Afropunk hired Bayoh to shoot its upcoming festival in Brooklyn.

10. The August 2015 festival featured numerous high-profile artists, such as Lenny Kravitz, Grace Jones, Lauryn Hill and others.

11. Bayoh was one of numerous photographers hired to work at the August 2015 festival.

12. An Afropunk employee sent Bayoh an agreement that would have granted Afropunk "a worldwide, perpetual, irrevocable, royalty-free, sub-licensable right to exploit" any pictures that he too at the festival."

13. Bayoh asserts he did not sign the agreement.

14. Defendants assert Bayoh must have signed the license agreement, because it was Afropunk's routine practice to have photographers sign such an agreement.

15. Bayoh agreed to participate in an "Instagram Takeover," during which he would post images directly to Afropunk's Instagram account.

18

16. One of the requirements for participating in the Instagram Takeover was that Bayoh submit forty to fifty images to Afropunk for use on the organization's Facebook page.

17. Bayoh arrived at the August 22, 2015 Afropunk event.

18. Bayoh took photographs during the event.

19. On September 16, 2015, Bayoh sent Afropunk an invoice for $1,200.

20. Afropunk remitted payment to Bayoh for $1,200 shortly thereafter.

21. Bayoh does not deny that he received the $1,200 in full satisfaction as compensation for photographs he provided to Afropunk.

22. Next, Bayoh uploaded twenty-eight such images into a Dropbox folder that Afropunk had access to.

23. Between September 21 and 22, 2015, Bayoh and Morgan exchanged emails in which Morgan expressed concern that Afropunk had not received as many images as it expected from Bayoh.

24. On September 23, 2015, Bayoh uploaded eighty-seven images into a Dropbox account accessible by Afropunk.

25. Bayoh resent a link to the Dropbox containing the photographs on April 29, 2016.

26. None of Bayoh's photographs had been registered with the U.S. Copyright Office prior to the 2015 or 2016 festivals.

27. Bayoh first filed an application for copyright registration in June 2017, through his attorney Robert L. Greener, Esq., seeking a group registration of thirteen photographs collectively entitled "By Such and Such."

28. During the application process, Bayoh indicated that the "By Such and Such" photographs were completed in 2013 and first published on April 7, 2013.

19

29. During his deposition, Bayoh testified that some of the photographs were not in fact taken until 2014 or 2015.

30. According to Bayoh, the photographs were all taken in 2014 or 2015.

31. Bayoh filed a supplemental registration with the Copyright Office amending the "By Such and Such" publication date to 2015.

32. In July 2018, Bayoh received a second copyright registration, for a group of fifteen photographs entitled "By Such and Such II."

33. On August 17, 2018, Bayoh, through counsel, filed an Amended Complaint.

34. The "By Such and Such II" certificate of registration indicates that the photographs were completed in 2015 and published on December 1, 2015.

35. Bayoh confirmed under oath that a total of 86 images, including the 28 allegedly infringing photographs, were provided to the Defendants were stored or uploaded into the Dropbox account for Afropunk.

36. Defendants had permission to access and view Bayoh's photographs taken at Afropunk festivals.

37. According to Bayoh, some of these photos were created in 2014.

38. Defendants do not claim ownership of Bayoh's photographs.

39. Defendants never made any claim of ownership to Bayoh's photos.

40. Defendants did not receive a cease and desist letter or demand from Bayoh.

41. Bayoh was not hired or commissioned to be one of Afropunk's photographers outside of 2015.

PLAINTIFF'S OBJECTS TO INCLUSION OF THE STIPULATED FACTS AS THE ARE BAISED.

## PROPOSED CONCLUDING INSTRUCTIONS

### Proposed Jury Instruction No. 15: Duty of the Court

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law as explained in these instructions.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts, and you should not interpret these instructions to suggest that I have an opinion about the facts of this case. You, not I, have the duty to determine the facts.

Before I begin instructing you as to the law, I would like to note that it has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention. I ask you to give me that same careful attention as I instruct you on the law. Please pay close attention, and I will be as clear as possible.

**Proposed Jury Instruction No. 16: Burden of Proof**

As I told you before the start of the trial, this is a civil case. The plaintiff here bears the burden of proving every essential element of each of his claim by a preponderance of the evidence. When a party has the burden to prove a matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. In determining whether any fact at issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

One way to think about this is as follows: if you were to put all of the evidence in favor of plaintiff, and all of the evidence in favor of defendant on opposite sides of a scale, plaintiff must make the scale tip to his side. If the scale tips in defendants' favor, or if the evidence is equally balanced, then plaintiff has not met his burden of proof and your verdict must be for the defendant.

If, in your view, the scale tips in plaintiff's favor, he has met his burden and your verdict must be for plaintiff.

If plaintiff fails to establish any essential element of his claim by a preponderance of the evidence, you should find for defendants as to that claim. I will explain these elements to you in detail.

Please keep in mind that, when assessing whether a party has met its burden of proof on any claim, the question is not which party called the greater number of witnesses, or how much time one party or another spent on that claim during the trial. Your focus must always be on the quality of the evidence: its persuasiveness in convincing you of its truth.

**Proposed Jury Instruction No. 17: Direct and Circumstantial Evidence**

As I mentioned to you before the start of the trial, there are two types of evidence presented during a trial -- direct evidence and circumstantial evidence. "Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. In other words, direct evidence is when a witness testifies about something he knows by virtue of his own senses -something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

"Circumstantial evidence" is proof of one or more facts from which you could find another fact. In other words, it is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. Circumstantial evidence tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume

that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence, and you should consider both kinds of evidence. You are to decide how much weight to give any evidence you have been presented at trial. A greater degree of certainty is not required of circumstantial evidence. In other words, circumstantial evidence is of no less value than direct evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Proposed Jury Instruction No. 18: Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or

conclusions that reason, and common sense lead you to draw from facts established by the evidence in the case.

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

PLAINTIFF OBEJCTS AS THIS CHARGE IS OVERLY COMPLIACATED AND CONFUSING TO THE JURY.

**Proposed Jury Instruction No. 19: Credibility of Witnesses**

25

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true, and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence aligned with or contrary to the testimony. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Everything a witness said or did on the witness stand counts in your determination. As I mentioned before the trial began, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. In other words, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict.

You should consider the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case, the opportunity the witness had to see, hear, and know the things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, his/her intelligence, and the reasonableness and probability of his/her testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. Always remember that you should use your common sense, your good judgment, and your own life experience. After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

Please keep in mind that the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**Proposed Jury Instruction No. 20: Prior Inconsistent Statements**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. Evidence of a prior inconsistent statement or conduct is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement is before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

PLAINTIFF OBJECTS TO THE HIGHLIGHTED PART OF THE CHARGE

**CLAIMS & DAMAGES**

Now that I have given you general instructions on the law, I will turn to the specific instructions concerning the allegations made in this case.

**Proposed Jury Instruction No. 21: Nature of the Claim**

This is an action for copyright infringement. A "copyright" is the exclusive right to copy. A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work

28

covered by copyright for a specific period of time. One who reproduces, distributes or sells a copyrighted work during the term of the copyright, infringes the copyright, unless licensed by the copyright owner.

In this case, Plaintiff Mambu Bayoh claims that defendants Matthew Morgan, Jocelyn Cooper, and Afropunk, LLC unlawfully infringed plaintiff's copyright in photographs ~~taken at and used for the Afropunk festival~~ in violation of the United States Copyright Act.

Defendants deny infringement, and ~~further state that the plaintiff granted a license for use of the photographs and was compensated for such license~~. Defendants state further that Mr. Morgan and Ms. Cooper individually did not engage in any acts of alleged infringement. I will give you more specific instructions regarding the elements of each of plaintiff's claims.

PLAINTIFF OBJECTS TO THIS PORTION OF THE CHARGE AS ARGUMENTATIVE AND PREJUDICIAL.

**Proposed Jury Instruction No. 22: The United States Copyright Act**

The Federal statute in this action is the United States Copyright Act ("Copyright Act".) The Copyright Act grants exclusive rights to authors to copy their original works, as well as to prevent others from copying.

**Proposed Jury Instruction No. 23: Copyright Defined**

The term "copyright" is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. The term is derived

from the fact that such an author has an exclusive right to copy the work, and therefore may exclude others from copying the work.

The term "author" generally is used to refer to a writer. As used in the law of copyright, however, the term embraces any creator of an original work protected by the copyright laws. The author of a copyrighted work is the owner of the copyright in that work. The term "owner" also includes any person to whom the author may assign, sell, lease or otherwise transfer the copyright. The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

~~The term "work" refers to any material that is subject to protection under the copyright laws, including a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.~~

PLAINTIFF OBJECTS AS TOO COMPLICATED AND CONFUSING.

**Proposed Jury Instruction No. 24: Rights of Copyright Interests**

With certain exceptions, the owner of a copyright can exclude others from copying the owner's copyrighted work during the term of the copyright. A copyright owner may enforce the right to exclude others from copying the copyrighted work in a copyright infringement action.

30

**Proposed Jury Instruction No. 25: Validity of Copyright**

Copyright automatically exists in a work the moment it is created. The owner may register the copyright by depositing a copy of the copyrighted work in the Library of Congress's Copyright Office. After determining that the material is copyrightable and that legal and formal requirements have been satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. There is no administrative investigation on the originality or uniqueness of the work or a determination of the claim's validity. A certificate of copyright registration is refused only if the work falls outside the broad category of matter eligible for copyright registration. But the fact that a copyright registration has been issued does not conclusively establish whether the work is entitled to copyright protection. A certificate of registration does not create an irrebuttable presumption of copyright validity. The Copyright Office does not make factual determinations with respect to publication or any other act done outside of the Office.

PLAINTIFF OBJECTS AS THIS INSTRUCTION IS UNNECESSARY, COMPLICATED AND ARGUMENTATIVE.

**Proposed Jury Instruction No. 26: Invalidity of Copyright Registrations**

The presumption of copyright validity afforded to a Certificate of Registration is rebutted when the evidence shows that the Plaintiff has misrepresented the creation date and publication date to the Copyright Office.

PLAINTIFF OBJECTS AS THIS INSTRUCTION IS UNNECESSARY, COMPLICATED AND ARGUMENTATIVE.

**Proposed Jury Instruction No. 27: Liability for Copyright Infringement**

To establish liability for copyright infringement in this case, the plaintiff, Mr. Bayoh, must prove, by a preponderance of the evidence, that 1) Mr. Bayoh owns a valid copyright and 2) Afropunk copied, reproduced, distributed or displayed his photographs without permission or right.

If the marketing reproductions or distribution at issue in this case were inconsistent with what you determine that the parties understood the agreements to be in the case of each license, then the reproductions or distribution were unauthorized, and you should find for Mr. Bayoh on this question. Otherwise, you should return a verdict for Afropunk.

You must decide the issue of authorization based on the description of the law that I have just provided and the testimony and exhibits that have been presented *[, except for any particular portions of testimony or exhibits that I instructed you during the trial to disregard]*.

Each of these elements is defined further later. If the plaintiff establishes those elements by a preponderance of the evidence, the plaintiff has the burden of proving each of these elements by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the plaintiff has proved each element. If you find that the plaintiff has proved these elements by a preponderance of the evidence, you may then find the defendant liable for copyright infringement. You will then consider the issue of damages under separate instructions.

PLAINTIFF OBJECTS AS THIS INSTRUCTION IS UNNECESSARY, COMPLICATED AND ARGUMENTATIVE

**Proposed Jury Instruction No. 26: Assignee or Licensee of Copyright**

A copyright owner is entitled to prevent others from reproducing, distributing, displaying, or otherwise using the copyrighted work for a specific period of time.

A copyright owner, however, may agree to give permission to another person or company

40

make use of a copyrighted work. Such an agreement is called a "license," and the person who holds the license is known as a "licensee."

Licenses can permit as much or as little use as the parties agree to. A licensee cannot use the copyrighted work in any way that exceeds the boundaries of the agreement.

Licenses may be granted orally or in writing. Both are equally valid. They also can be unspoken—that is, the terms of the license may be inferred from the conduct of the owner, or his agents, and the licensee. A license may even be created by the copyright owner's failure to object to particular uses that he knew about. A license that is created by the parties' conduct or the owner's acquiescence is just as valid as a license that is formed by oral or written expression.

No one disputes that Mr. Bayoh was the owner of the photographs at issue taken by Mr. Bayoh. The first dispute you are being asked to resolve at this point relates to whether Mr. Morgan or Ms. Cooper in an individual capacity engaged in any alleged acts of infringement. If they did not, then as explained further below, you must find them not liable for infringement.

The second dispute you are being asked to resolved is whether Afropunk had a license to use Mr. Bayoh's photographs, that is, whether it had permission to use the photographs at issue.

To the extent that you find that there were such licenses for permission to use Mr. Bayoh's photos, the second dispute you will be asked to resolve relates to the boundaries of those agreements: What were those boundaries, and was Afropunk's use of Mr. Bayoh's photographs in its marketing materials within those boundaries? If there were no boundaries, then you cannot assume that they otherwise existed.

PLAINTIFF OBJECTS TO THE HIGHLIGHTED OF THIS THIS INSTRUCTION IS UNNECESSARY, PREJUDICIAL AND ARGUMENTATIVE

**Proposed Jury Instruction No. 27: Implied License**

An implied copyright license or consent exists where a copyright owner never formally objects to the alleged infringement and never expressly rescinds a license to use the copyrighted work. Similarly, a copyright owner's silence coupled with knowledge of the copying, or use of the copyrighted work, may provide the basis for implying consent. Accepting royalties for allegedly infringing sales may constitute an implied license.

**Proposed Jury Instruction No. 28: Definition of Estoppel**

In this case, defendants have also asserted a legal defense of "estoppel". What estoppel means is that the plaintiff aided the defendant in the committing of the acts alleged to constitute copyright infringement. Estoppel can also be established if the Defendants show that the Plaintiff had knowledge of Defendants' infringement, and either intended that his own conduct be relied upon or acted in such a way that Defendants had a right to believe it was so intended. The ~~Defendants must not have been aware that Plaintiff did not actually consent to the infringement and must have relied on Plaintiff's conduct to their detriment.~~

~~Here, Defendants contend that by not objecting to Defendants' use of the photos in the festival marketing materials, and by sending them to Defendants for their specific use at the festival, Plaintiff is precluded from asserting that the defendants unlawfully copied his photographs in preparing the festival materials, because Plaintiff should have understood that the final photographs would look like the submitted photos. Defendants say that they relied on Plaintiffs' actions. If you find estoppel, you must find for the Defendants~~.

PLAINTIFF OBJECTS AS THE HIGHLIGHTED PORTIONS ARE ARGUMENTATIVE PREJUDICIAL AND LEADING

**Proposed Jury Instruction No. 29: Actual Damages**

40

Plaintiff may be entitled to recover any actual damages suffered because of the infringement found by Defendants. "Actual damages" means the amount of money adequate to compensate Plaintiff for any losses caused by the infringement. Actual damages are measured by: (1) a reasonable fee that Defendants should have paid for the use found to be an infringement, and (2) the profits Plaintiff lost because of the infringement (not the profits generated by the Defendants).Plaintiff has the burden of first proving to a reasonable probability a causal connectionbetween Defendants' alleged acts of infringement and any loss claimed. If Plaintiff does so, Defendants must show that the claimed loss would have occurred even if there had been no infringement by them.

PLAINTIFF OBJECTS AS THE HIGHLIGHTED PORTIONS ARE ARGUMENTATIVE PREJUDICIAL AND LEADING. IT IS ALSO MISLEADING ON THE LAW.

**Proposed Jury Instruction No. 30: Disgorgement of Profits**

Plaintiff may also be entitled to Defendants' profits that are attributable to the infringement you found, but only to the extent they are not already taken into account in calculating Plaintiff's actual damages. An award of Defendants' profits may not include any amounts that were accounted for in calculating Plaintiff's actual damages to avoid double recovery. In other words, Plaintiff may not obtain both actual damages and disgorgement of profits.

In calculating Defendants' profits, you should determine the gross revenues received by Defendants that were attributable to the infringement you found, and then subtract the deductible expenses incurred by Defendants, any portions of the gross revenues attributable to factors other than infringement, and any amount already taken into account in calculating actual damages. You should calculate the profits of Defendants specifically. Plaintiff has the burden of proving, by a

~~preponderance of the evidence, Defendants' gross revenue attributable to the infringement you found, and a causal relationship between the infringement and Defendants' profits. Defendants have the burden of proving, by a preponderance of the evidence, any deductible expenses incurred and any portions of the revenue that are attributable to factors other than infringement.~~

PLAINTIFF OBJECTS AS THE HIGHLIGHTED PORTIONS ARE ARGUMENTATIVE PREJUDICIAL AND LEADING. IT IS ALSO MISLEADING ON THE LAW. FURTHER, DEFENDANTS HAVE NOT SUPPLIED ANY EVIDENCE FOR REVENUE NOT ATTRIBUTABLE TO INFRINGING CONDUCT.

### <u>PROPOSED CONCLUDING INSTRUCTIONS</u>

I will now provide you with general instructions concerning how you should go about arriving at your verdict. Your verdict is essentially your decision regarding the facts in this case, and more specifically, whether or not they demonstrate by a preponderance of the evidence that defendants have broken the law.

**Proposed Jury Instruction No. 31: Right to See Exhibits and Hear Testimony; Communications with Court**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony -- in fact any communication with the Court -- should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**Proposed Jury Instruction No. 32: Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

**Proposed Jury Instruction No. 33: Duty to Deliberate**

Your verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

In order to prevail, plaintiff must sustain his burden of proof by a preponderance of the evidence with respect to each element of his claim. If you find that plaintiff has succeeded in doing so, you should return a verdict in his favor on that claim. If you find that plaintiff failed to sustain his burden on any element of his claim, you should return a verdict against plaintiff.
Similarly, if you find that the defendant have failed to sustain its burden with respect to any element of its affirmative defenses, you must return a verdict against the defendant on that affirmative defense.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts.

40

Your sole interest is to seek the truth from the evidence in the case.

**Proposed Jury Instruction No. 34: Election of Foreperson**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. Verdict forms have been prepared for your convenience.

*[Read forms of verdict].*

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

**Proposed Jury Instruction No. 35: Verdict Forms -- Jury's Responsibility**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**Proposed Jury Instruction No. 36: Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in Court. Once your verdict is announced by your foreperson in open Court and officially

recorded, it cannot ordinarily be revoked.

Law Office of Robert L. Greener P.C.

S/Robert L. Greener/S

ROBERT L. GREENER
Attorney for Plaintiff

40