Robert L. Greener, Esq.
LAW OFFICE OF ROBERT L. GREENER P.C.
112 Madison Avenue, 6th Floor,
New York, NY 10118
(646)415-8920 Phone
(212) 689-9680
rlg@greenerlegal.com
Attorney for Plaintiff MAMBU BAYOH


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MAMBU BAYOH.
                                    Plaintiff,
          v.
AFROPUNK FEST 2015 LLC, AFROPUNK LLC,
AFROPUNK GLOBAL INITIATIVE LLC., and
MATTHEW MORGAN, and JOCELYN COOPER
individually.
                                    Defendants.


_____


## I.  PRELIMINARY STATEMENT.


On October 26, 2020 the District Court enter an order dismissing Plaintiff damages expert in this case.  Subsequently, the Court entered a second order whereby the parties were directed to submit briefs as to why the Court should not dismiss the case without a trial of the remaining issues, based on the prior decision of the Court.  As per the Court's Order dated October 26, 2020, Below, is Plaintiff's response to the Court's request for a submission on the question of why the Court should not dismiss the case without a trial.

1

## II.  ARGUMENT.

### A.    Plaintiff is entitled to a trial on liability as Plaintiff is seeking a Permanent Injunction against use of his photographs.

On June 28, 2018 Plaintiff filed his complaint in this action alleging Copyright Infringement (DCKT #4) of two Registered Copyrights; to wit: 1) "Such and Such", Registration Number VA2-064-499 June 17, 2017; and 2) "Such and Such II" issued on July 12, 2018 with Registration Number VA2-110-359. Part of Plaintiff's relief was for temporary and permanent injunctive relief. In addition, Plaintiff also filed an Order to Show Cause seeking a preliminary injunction against the Defendants for use of his copyrighted photographic works (DCKT entries #'s 6-9). In an Order dated July 11, 2018 the Court granted the Plaintiff's application and issued a Preliminary Injunction in this matter (DCKT #15).  The Injunction remains in effect as of today.

On August 17, 2018, Plaintiff filed an Amended Complaint seeking among other relief a permanent injunction for use of his copyrighted. Defendants moved to dismiss the Compliant which was denied (DCKT #25).[1] Defendants then filed an Answer in this case claiming that they received either a written license, or absent a written one can show an implied in fact license. Defendants have maintained this position throughout the entire matter.

Defendants next tried to have the case dismissed in summary judgement alleging Plaintiff did not have a valid registration for his two Copyrights (DCKT #'s 71-75).  In its Order dated January 15, 20220, the Court ruled that Plaintiff had presented credible evidence of the validity of his two Copyrights (DCKT #98). Therefore, he conclusively established his right to maintain his

---

[1] Certain claims were dismissed by the court.

copyright action in the matter.  Based on this, and other findings, the Court ordered the case could proceed to trial.

Defendants filed two motions in limine seeking preclusion of Plaintiff's two experts in the case and their reports produced in the matter. While the Court dismissed the Reports of Mr. Anson and Mr. Wallace, nothing in the decision affected the question of the validity of the Copyrights at question or Mr. Bayoh's right to seek a Permanent Injunction in the matter preventing Defendants use of his Copyrights.  As Defendants continue to maintain that they have a license to use the works in question there is absolutely no doubt that they will continue using the copyrights, especially now as they see that they can get away with it.

**B.    The Copyright Act grants Injunctive Relief as One of the Remedies Available to the Plaintiff.**

Section 5 of the Copyright Act grants an owner the right to seek out remedies from an infringer of the work under the Action.  17 U.S.C. 501(a), states that an owner of a Copyright shall have the right to pursue remedies against an infringer, and (b), states the owner shall have the right to maintain an action in the courts for those remedies under the act. 17 U.S.C. 502, grants an owner the right to seek out an injunction in a matter.

The Court has not dismissed Plaintiff's prayer for relief asking for a final injunction in the matter. If this Court were to dismiss this case, there would be no determination as to Plaintiff right to a final injunction. "A court may issue such a permanent injunction based on its consideration of (1) the likelihood that plaintiff will suffer irreparable harm if an injunction is not granted; (2) whether remedies at law such as monetary damages are inadequate to compensate plaintiff for that

3

harm; (3) the balance of hardships; and (4) whether the public interest would not be disserved by a permanent injunction." Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 547 (S.D.N.Y. 2015) (citing Salinger v. Colting, 607 F.3d 68, 77-78 (2d Cir. 2010)). Injunctive relieve under the copyright act is one of the remedies that is available to a copyright owner under the copyright act. McGraw-Hill Global Educ. Holdings, LLC v. Khan, 323 F. Supp. 3d 488, 2018 U.S. Dist. LEXIS 104988, 2018 WL 3094922. Thus, plaintiff has a right to pursue an injunction separate and apart from monetary damages.

Here there is no doubt that Plaintiff will suffer harm if the Defendants are not enjoined. They have admitted to using the works and having done so extensively. Plaintiff has alleged they continue to use his works through today. A preliminary injunction was already granted in the case, as the court found a probability of irreparable harm. If defendants continue to use the photos as widely as they have in the past, at multiple festivals and extensively on the internet, Plaintiff will lose the right to control his images and the ability to monetize them. This will cause serious irreparable harm to Plaintiff. See, Barcroft Media, Ltd. v. Coed Media Grp., LLC, 297 F. Supp. 3d 339, 2017 U.S. Dist. LEXIS 182024.

Further, as the Court has dismissed Plaintiff's experts there is almost no way possible at this time for Plaintiff to obtain actual damages or disgorgement of profit. Thus, Plaintiff will not be able to obtain money damages in lieu of an injunction. The balance of hardship also goes to Plaintiff, as Defendants should not benefit from an infringement. Defendants themselves argue that Plaintiff's photos were a small part of their marketing, and they have a pool of other photographers to use. So, they will not be harmed by being enjoined from using Plaintiff's works. An injunction would work in the public's interest as it would serve to prevent infringers like Defendants from approbating other photographer's' photographic works of art. Even where a

4

copyright owner makes innocent mistakes in their copyright registration, and files supplemental

registration, it would not deprive the owner from seeking remedies in Court. See, Gener-Villar v.

Adcom Group., Inc., 560 F.Supp.2d 112 (D.P.R. 2008). Madden v. Dreamworks, 2009 U.S. Dist.

LEXIS 150535, *25.

**C.      A Court can hold a trial on Liability separate and apart from a trial on damages.**

Defendants will most likely claim that you cannot have a trial for liability separately from

one for damages.  This is considered the "unity" theory under the Seventh Amendment to the

United States Constitution. However, that is not the case. Putting aside the points raised above that

Plaintiff is entitled to seek a permanent injunction which is a form of remedy for infringement,

Courts can and do often bifurcate trials.  Rule 42(a) of the FRCP gives the District Court the ability

to hold separate trials as part of its case management role.  In an Eastern District case, the Court

reviewed the precedent of bifurcating a trial into liability and damages trials.   The Court

determined that FRCP Rule 42(a) allows a Court to bifurcate a trial as part of its case management

role:

"Since the Gasoline Product Court's articulation of the "confusing" and "uncertain" standard, trial
judges have routinely and properly severed issues for trial before separate juries pursuant to Rule
42(b). See, e.g., Equal Employment Opportunity Commission v. McDonnell Douglas Corp., 960
F. Supp. 203, 205 (E.D. Mo. 1996) (liability and damages issues are not inextricably intertwined
in "pattern-or-practice" ADEA case and can therefore be bifurcated commensurate with the
Seventh Amendment); McElroy v. Arkansas Log Homes, Inc., 1989 U.S. Dist. LEXIS 2048, 1989
WL 18755, *1 (D. Kan. 1989) (bifurcated issue of causation in EPA case was adaptable to a
separate trial without creating jury confusion and uncertainty amounting to unfair trial); Paine,
Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, 587 F. Supp. 1112, 1117
(D. Del. 1984) [**58]  (bifurcating patent infringement trial into separate trials on liability and
damages did not violate the Seventh Amendment because "the prohibition is not against having
two juries review the same evidence, but rather against having two juries decide the same essential
issues"); Carroll-McCreary Co., Inc. v. New Jersey Steel Corp., 1981 U.S. Dist. LEXIS 11090,
1981 WL 2030 (E.D.N.Y. 1981) (denying defendants' motion to reconsider order bifurcating

5

antitrust suit into liability and damages and holding that even though there is no "neat dividing line" between the issues, defendants' Seventh Amendment rights would be preserved). Simon v. Philip Morris, 200 F.R.D. 21, 38, 2001 U.S. Dist. LEXIS 1114, *57-58 (E.D.N.Y., 2001).

The *Simon* court held that any Juror confusion can be overcome by specific instructions informing the Jury about the limited purpose for which they are to determine. ("…trial judges frequently employ trial management procedures like special verdicts and detailed jury instructions to ensure that when issues are severed under Rule 42(b), they are clearly presented to each set of jurors.") Id. at *58. Thus, the Court can craft a set of detailed jury instructions which limit the jury only to the issues of infringement of the Plaintiff's Copyrights and the granting of a final injunction if the Jury finds Plaintiff's rights were violated by Defendants.

**D.      Contempt for violation of the preliminary injunction**.

As stated to the Court in the Pretrial conference, Plaintiff seeks  to hold the defendants in contempt for multiple violations of the preliminary injunction in this matter. It is firmly established that the power to punish for contempt is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Federal courts also have statutory authority to find a person in civil or criminal contempt for failing to comply with a court order. 18 U.S.C.S. §§ 401–402.

The remedy for violating an injunction is an order of contempt. In addition, "[A] district court should enforce an injunction until either the injunction expires by its terms or the court determines that the injunction should be modified or dissolved."  Fla. Ass'n for Retarded Citizens, Inc. v. Bush, 246 F.3d 1296, 1298 (11th Cir. 2001).  See also, CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016).

Attached as exhibit 1. are examples of defendants continuing violation of the Courts Order.

6

The standards applicable to a motion for civil contempt are well-settled. A party may be held in civil contempt for failure to comply with a court order if: (1) the order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply with the order in a reasonable manner. Paramedics Electromedicina Comercial, Ltd., v. GE Med. Sys. Info. Tech., Inc., 369 F.3d 645, 655 (2d Cir. 2004). The Court can order damages to be paid to Plaintiff as a result of a violation by Defendant from its Preliminary Injunction Order. Dynamic Solutions, Inc. v. Planning & Control, Inc., 1990 U.S. Dist. LEXIS 6120, 1990 WL 71477; and, New York State NOW v. Terry, 886 F.2d 1339, 1989 U.S. App. LEXIS 14433, (2d. Cir. 1989). A Copyright holder can seek punitive damages and legal fees as part of an application to hold an infringer in contempt. Yash Raj Films (USA), Inc. v. Akhtar (In re Akhtar), 368 B.R. 120, 2007 Bankr. LEXIS 1810 (Bkrupcy Ct. E.D.N.Y. 2007).

### III. Conclusion

For all of the reasons stated above the Court should not dismiss the case.

Dated:  October 27, 2020.

Respectfully submitted,

ROBERT L. GREENER

LAW OFFICE OF ROBERT L. GREENER (8089)
*Attorney for Plaintiff*
112 Madison Avenue, 6th Floor
New York, NY 10118
(646) 415-8920
(212)689-9680

7