```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
MAMBU BAYOH,                           :
                                       :
                    Plaintiff,         :    18cv5820
                                       :      (DLC)
          -v-                          :
                                       :    MEMORANDUM
AFROPUNK LLC, MATTHEW MORGAN and       :    OPINION AND
JOCELYN COOPER, individually,          :       ORDER
                                       :
                    Defendants.        :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

On July 11, 2018, the defendants were preliminarily enjoined from any infringing use, sale, or distribution of the plaintiff's allegedly infringed photographs. For the following reasons, the defendants' motion to vacate the July 11, 2018 preliminary injunction is granted.

### Background

In 2015, defendant Afropunk paid plaintiff Mambu Bayoh to provide photographs that could be used in connection with the 2015 Afropunk music festival in Brooklyn, New York. Afropunk paid Bayoh $1,200 and received twenty-eight photographs from him. The parties began to dispute the scope of the license Bayoh had granted Afropunk almost immediately.

On June 27, 2018, Bayoh filed this lawsuit, seeking damages and injunctive relief, for the alleged infringement of his

copyright in the photographs.  Bayoh moved for a preliminary injunction, and a hearing on the injunction was scheduled for July 11.  The defendants had not yet appeared in this action, however, and they did not oppose the preliminary injunction.  On July 11, a preliminary injunction issued and enjoined the defendants from any infringing use, sale, or distribution of the plaintiff's allegedly infringed photographs.

On November 10, as this litigation neared its conclusion, the defendants expressed an intent to move to vacate the 2018 preliminary injunction.  On December 2, the defendants filed their motion to vacate.  The plaintiff opposed the defendants' motion on December 8, and the defendants filed their reply on December 11.

Also on December 11, an Opinion addressed the plaintiff's request for a permanent injunction.  The plaintiff has been unable to show that he is entitled to an award of damages, and therefore had resurrected a claim for a permanent injunction.  The Opinion concluded that the plaintiff had failed to produce any evidence that he had suffered, was suffering, or would suffer any irreparable harm.  Bayoh v. Afropunk LLC, No. 18CV5820 (DLC), 2020 WL 7318277, at *2 (S.D.N.Y. Dec. 11, 2020).  Accordingly, the plaintiff's request for permanent injunctive relief was denied, and the December 17 non-jury trial scheduled

to address that request was cancelled.  Id. at *5.  Familiarity with that Opinion is assumed and it is incorporated by reference.

All that remains to be decided in this case is the defendants' motion to vacate the 2018 preliminary injunction. For the reasons stated below, the defendants' motion to vacate that injunction is granted.

### Discussion

"On motion and just terms, the court may relieve a party or its legal representative from a[n] . . . order[] . . . for the following reasons: . . . applying [the judgment] prospectively is no longer equitable; or . . . any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  "[A] court may issue a preliminary injunction in a copyright case only if the plaintiff . . . has demonstrated 'that he is likely to suffer irreparable injury in the absence of an injunction.'"  Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010) (citation omitted).

The Opinion of December 11, 2020 denied Bayoh's claim for permanent injunctive relief on the specific ground that he had produced no evidence of irreparable harm.  Accordingly, there is no longer any basis to concluded that he is "likely to suffer" any irreparable injury.  Since Bayoh cannot establish any

3

irreparable harm, it is both necessary and appropriate to vacate the preliminary injunction.

## Conclusion

The defendants' December 2, 2020 motion to vacate the July 11, 2018 preliminary injunction is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:     New York, New York
           December 18, 2020

                                    _____
                                              DENISE COTE
                                       United States District Judge