```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
 MAMBU BAYOH,                          :
                                       :          18cv5820
                         Plaintiff,    :            (DLC)
                                       :
              -v-                      :         MEMORANDUM
                                       :        OPINION AND
 AFROPUNK LLC, MATTHEW MORGAN and      :           ORDER
 JOCELYN COOPER, individually,         :
                                       :
                         Defendants.   :
                                       :
-------------------------------------- X
```

APPEARANCES

For plaintiff Mambu Bayoh:

Robert Leslie Greener
Robert L. Greener, Law Office
112 Madison Avenue, 6th Floor
New York, NY 10118

For defendants Afropunk LLC, Matthew Morgan, and Jocelyn Cooper, individually:

Jonathan D. Goins
Brian Pete
Devin S. Cohen
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street 21st Floor
New York, NY 10005

DENISE COTE, District Judge:

On December 18, 2020, this Court dismissed the plaintiff's copyright action after concluding that he was not entitled to any form of relief. On January 4, 2021, the defendants moved

for attorney's fees and costs.  For the following reasons, the defendants are awarded a portion of the costs they seek.

## Background

Plaintiff Mambu Bayoh, a photographer, sued Afropunk LLC ("Afropunk") and two of its employees (collectively, "Defendants") for copyright infringement.  Bayoh claimed that the Defendants' use of his copyrighted photographs in connection with the promotion of Afropunk's music festivals exceeded the scope of the license he had given Afropunk.

Because Bayoh did not timely register his photographs, he was barred from pursuing an award of statutory damages or attorney's fees.  Bayoh therefore sought to recover actual damages and Afropunk's profits.  Because Bayoh was not engaged in the business of selling or licensing his photographs, he could identify no actual damages.

To support his claim for disgorgement of Afropunk's profits in the amount of $17,447,718, Bayoh sought to introduce testimony from two expert witnesses.  Afropunk had paid Bayoh only $1,200 to use his photographs and had only limited revenues.  Pursuant to Daubert and its progeny, Bayoh's damages experts were precluded from testifying at trial and his claim for damages was dismissed.  Bayoh v. Afropunk LLC, No. 18CV5820 (DLC), 2020 WL 6269300, at *1 (S.D.N.Y. Oct. 26, 2020).

Following that ruling, Bayoh resurrected a claim for injunctive relief.  An Opinion of December 11 denied Bayoh's request for a permanent injunction.  Finally, on December 18, the Court vacated a preliminary injunction that had been issued earlier in the litigation and dismissed the case.

On January 4, 2021, the Defendants moved for attorney's fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 17 U.S.C. § 505.  That motion became fully submitted on January 29.  The Defendants seek to recover $511,655 in attorney's fees and $27,482.29 in estimated costs. These costs include $18,682.32 of legal research expenses, filing fees, photocopying expenses, travel expenses, mailing expenses, "consulting/investigation" expenses, and deposition costs, as well as $8,880 of expert witness expenses.[1]

## Discussion

The Copyright Act provides: "[T]he court in its discretion may allow the recovery of full costs by or against any party . . . ."  17 U.S.C. § 505.  The term "full costs" means "the costs specified in the general costs statute," codified at 28 U.S.C. §§ 1821 and 1920.[2]  Rimini St., Inc. v. Oracle USA, Inc., 139 S.

---

[1] The Defendants reserve the right to supplement their request for reimbursement of expert witness costs.

[2] Section 1821 provides reimbursement rates.

3

Ct. 873, 881 (2019).  Section 1920 lists six categories of litigation expenses that a court may award as costs.  The six categories include:

> (1) "Fees of the clerk and marshal;"
>
> (2) "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;"
>
> (3) "Fees and disbursements for printing and witnesses;"
>
> (4) "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;"
>
> (5) "Docket fees under section 1923 of this title;"
>
> (6) "Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

28 U.S.C. § 1920.  In addition, a party can recover for witnesses' "[p]er diem and mileage" expenses.  Id. § 1821; see Rimini, 139 S. Ct. at 877 n.1.  Sections 1821 and 1920 do not, however, authorize an award for expenses such as expert witness fees or e-discovery expenses.  Rimini, 139 S. Ct. at 878.

Under Rule 54(d), Fed. R. Civ. P., an award of costs does not typically include a party's attorney's fees.  That rule states, "[u]nless a federal statute, these rules, or a court

order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party."[3]

The Copyright Act provides one of the exceptions to the attorney's fees proscription of Rule 54(d).  Under Section 505 of the Copyright Act, a district court "may . . . award a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  A "prevailing party" for purposes of Section 505 is "one who has favorably effected a material alteration of the legal relationship of the parties by court order."  Manhattan Review, 919 F.3d at 152 (quoting CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642, 1651 (2016)).  This does not imply that a defendant must prevail on the merits, however.  Id. (citation omitted).  Rather, a defendant "fulfill[s] its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision."  Id. (citation omitted).  A defendant may therefore "prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason."  Id. (citation omitted).

A prevailing party in a copyright action is not awarded "attorney's fees as a matter of course; rather, a court must

---

[3] The costs that may be awarded pursuant Rule 54(d) are also limited to the six categories enumerated in Section 1920. Assocs. Against Outlier Fraud v. Huron Consulting Grp., Inc., 817 F.3d 433, 436 & n.4 (2d Cir. 2016) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987)).

make a more particularized, case-by-case assessment." Kirtsaeng
v. John Wiley & Sons, Inc., 136 S.Ct. 1979, 1985 (2016)
(citation omitted).  In making that assessment, a court may
consider "several nonexclusive factors," including
"frivolousness, motivation, objective unreasonableness, and the
need in particular circumstances to advance considerations of
compensation and deterrence."  Id. (citation omitted).
"[S]ignificant weight" should be given to the objective
reasonableness or unreasonableness of the losing party's
litigating position.  Id. at 1989.  Yet despite its
significance, objective reasonableness "can be only an important
factor in assessing fee applications -- not the controlling
one," and courts must take caution to avoid giving it
"dispositive weight."  Id. at 1988-89 (citation omitted).
Courts must instead "view all the circumstances of a case on
their own terms, in light of the Copyright Act's essential
goals."  Id. at 1989.

The Defendants are the prevailing parties in this
litigation.  They "fulfilled [their] primary objective" when
they rebuffed Bayoh's claim for damages and a permanent
injunction.  Manhattan Review LLC v. Yun, 919 F.3d 149, 153 (2d
Cir. 2019) (citation omitted).  That the Court never reached the

6

merits of the plaintiff's infringement claim "does not affect the analysis."  Id.

The Defendants principally argue that their motion for attorney's fees and costs should be granted because the plaintiff's outsized $17 million damages claim and demand for a permanent injunction were objectively unreasonable.  They also argue that the plaintiff's attorney's conduct throughout the litigation, including his rejection of their October 9, 2020 settlement offer under Rule 68, Fed. R. Civ. P., supports a finding of bad faith.[4]  The Defendants are correct that the plaintiff's $17 million damages claim was outlandish and untethered to any reliable evidence.

The plaintiff's underlying infringement claim, however, was not objectively unreasonable.  The plaintiff may have been able

---

[4] Rule 68, Fed. R. Civ. P., provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Copyright defendants are "entitled to seek an award of costs, including attorney's fees, incurred following a Rule 68 offer where the plaintiff's recovery fails to exceed the offer."  Mango v. Democracy Now! Prods., Inc., No. 18CV10588 (DLC), 2019 WL 3325842, at *4 (S.D.N.Y. July 24, 2019) (Cote, J.).  The Defendants do not argue that the fees accrued after October 9 should be recovered on the basis of Rule 68.  Rather, they argue that the plaintiff's rejection of their Rule 68 offer was evidence of its objectively unreasonable litigation conduct.

7

to demonstrate at trial that the Defendants exceeded the scope of their license to use his photographs.  The Defendants prevailed in this action because the plaintiff failed to establish an entitlement to any damages award and failed to show irreparable harm.  The issue of infringement, however, was never reached.

Although the size of the damage award that the plaintiff sought to recover was unreasonable, the merits of the plaintiff's copyright infringement claim may not have been. Accordingly, in an exercise of this Court's discretion and after consideration of Kirtsaeng and its progeny, the Defendants will not be awarded attorney's fees.

The Defendants may, however, recover a portion of their costs.  The Defendants' request includes legal research expenses, expert witness fees, and consulting and investigation fees that are not recoverable.  See 28 U.S.C. § 1920; Rimini, 139 S. Ct. at 878.  The Defendants may recover their filing fees, their copying expenses, and the travel, meal, and deposition expenses of any witnesses to the extent permitted by §§ 1821 and 1920.  This amounts to $13,652.87.[5]

---

[5] The plaintiff has not objected to the request for an award of these costs.

8

## Conclusion

The Defendants' motion for attorney's fees and costs is granted in part.  The Clerk of Court shall enter a bill of costs in favor of the Defendants in the amount of $13,652.87.

Dated:    New York, New York
          February 23, 2021

_____
DENISE COTE
United States District Judge

9